[No. 9430-8-III. Division Three. July 13, 1989.]

ELENA RODRIGUEZ, *Appellant*, v. THE TRAVELERS
INSURANCE COMPANY, *Respondent*.

*David Lybbert* and *Calbom & Schwab,* for appellant.

*Richard Hayes* and *Chase, Haskell, Hayes & Kalamon,*
for respondent.

MUNSON, J.—Elena Rodriguez appeals a Grant County Superior Court order dismissing her action for a declaratory judgment. We reverse and remand for trial.

The facts are not in dispute. On December 2, 1982, Ms. Rodriguez injured her hand by placing it in the fan of her automobile. She sought disability benefits from The Travelers Insurance Company as outlined in an employee benefit plan she had through her employer, Van Well Nursery. Travelers denied coverage.

Ms. Rodriguez filed a declaratory judgment action, RCW 7.24.010 *et seq.* and CR 57, to determine whether the terms of the insurance policy provided coverage for the injuries she sustained. Travelers moved for summary judgment of dismissal, contending her claims were preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.,* and that act had not been pleaded. Travelers' motion was granted on the basis of preemption. We reverse.

According to 29 U.S.C. § 1132(a)(1)(B):

A civil action may be brought—

 (1) by a participant or beneficiary—

 . . .

 (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

29 U.S.C. § 1132(e) reads as follows:

**Jurisdiction.**

 (1) Except for actions under subsection (a)(1)(B) of this section, [quoted above] the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter . . . *State courts* of competent jurisdiction and district courts of the United States *shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section.*

(Italics ours.) The Uniform Declaratory Judgments Act, RCW 7.24, provides in section .020:

> A person interested under a . . . written contract or other writings constituting a contract . . . may have determined any question of construction or validity arising under the instrument . . . contract . . . and obtain a declaration of rights, status or other legal relations thereunder.

Thus, Ms. Rodriguez' claim for determination of her rights under the Travelers insurance policy is proper and not preempted by federal law. As noted in *Menhorn v. Firestone Tire & Rubber Co.*, 738 F.2d 1496, 1500 n.2 (9th Cir. 1984):

> Congress's enforcement scheme vests jurisdiction over most types of ERISA civil actions, *see* 29 U.S.C. §§ 1132 (a)–(c), exclusively in the federal courts. *Id.* § 1132(e)(1). Jurisdiction over actions brought under *id.* § 1132(a)(1)(B) to recover benefits or enforce rights under a plan, however, is vested concurrently in state and federal courts. *Id.* § 1132(e)(1). *Congress's choice to vest jurisdiction over one class of ERISA civil actions in both the state and federal courts is in no way inconsistent with its intent to create a comprehensive scheme of federal common law in the area.* State as well as federal courts may be expositors of federal law. *See, e.g., Allen v. McCurry,* 449 U.S. 90, 103–05, 101 S.Ct. 411, 419–20, 66 L.Ed.2d 308 (1980); *Martin v. Hunter's Lessee,* 14 U.S. (1 Wheat.) 304, 340–42, 4 L.Ed. 97 (1816). Moreover, Congress's choice to grant the state courts concurrent jurisdiction over this particular class of cases squares with its overall legislative goals. Actions to recover benefits or enforce rights under the terms of a plan will typically involve the application of those general principles of contract law with which the state courts have had substantial experience before ERISA; their expertise qualifies them to evaluate these rules in the light of ERISA's policies and apply federal common law. *Congress simply increased the number of forums to which a claimant might have access in these cases, presumably both to increase the claimant's options and also to mitigate to some degree the burden on the federal courts resulting from ERISA.* Either party of course retains the right of access to a federal forum in actions ERISA governs irrespective of diversity of citizenship or amount in controversy, plaintiff by filing there, 29 U.S.C. § 1132(e)(1), and defendant by removing, 28 U.S.C. § 1441.

(Italics ours.)

Likewise, courts in other states have held a state court does have concurrent jurisdiction with a federal court to determine an employee's claim of benefits. *Wayte v. Rollins Int'l, Inc.,* 169 Cal. App. 3d 1, 215 Cal. Rptr. 59 (1985); *Imler v. Southwestern Bell Tel. Co.,* 8 Kan. App. 2d 71, 650 P.2d 712 (1982); *Duffy v. Brannen,* 148 Vt. 75, 529 A.2d 643 (1987). As noted in *Menhorn,* state courts are able to apply federal law. We have every confidence that can be done in this case.

 Second, Travelers contends Ms. Rodriguez' failure to plead the ERISA statute subjects her complaint to dismissal. RCW 5.24.040 and CR 9(k) do require one to plead foreign law, which is defined as that of any "state, territory, or other jurisdiction of the United States", CR 9(k)(1), or provide other reasonable written notice. *International Tracers of Am. v. Estate of Hard,* 89 Wn.2d 140, 144, 570 P.2d 131 (1977), *appeal dismissed,* 435 U.S. 1004 (1978). The purpose is to put one's opponent and the court on notice of the applicability of foreign law. *Byrne v. Cooper,* 11 Wn. App. 549, 551, 523 P.2d 1216 (1974). Here, it was Travelers who raised the issue of the federal statute thus indicating an awareness of its applicability. Travelers did this not only in its motion but by inclusion in its memorandum and supplemental memorandum of authorities. Therefore, the purpose of the statute and the court rule was met. Ms. Rodriguez acknowledges federal law controls. Federal statutes are interpreted pursuant to federal law. Thus, *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 95 L. Ed. 2d 39, 107 S. Ct. 1549 (1987) and *Boutillier v. Libby, McNeill & Libby, Inc.,* 42 Wn. App. 699, 713 P.2d 1110, *review denied,* 106 Wn.2d 1005 (1986) are distinguishable. As noted in CR 9(k)(4), if foreign law is not pleaded, the court applies the "law of the State of Washington unless such application would result in manifest injustice." Here, we find no manifest injustice in the failure to plead; both parties agreed federal law controls.

Attorney fees will abide the result of the outcome of the trial and shall include reasonable fees for this appeal. 29 U.S.C. § 1132(g).

The order of dismissal is reversed; the case is remanded for trial and for determination of reasonable attorney fees.

THOMPSON, C.J., and GREEN, J., concur.

Review denied at 113 Wn.2d 1022 (1989).