Pamela Chambers GORMAN, Individually and as Administratrix of the Estate of Dale Owen Gorman, Deceased, and as Next Friend of Amanda Marie Gorman, a Minor, Petitioners,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA, and Tenneco, Inc., Respondents.

No. C–7806.

Supreme Court of Texas.

March 27, 1991.

OPINION ON MOTION
FOR REHEARING

GONZALEZ, Justice.

The opinion of January 30, 1991 is withdrawn and the following is substituted. Petitioners' motion for rehearing is granted in part and overruled in part. Respondent Life Insurance Company of North America's motion for rehearing is overruled.

The primary issue in this appeal involves determining the effect of the preemption provision of the federal Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. §§ 1001–1461 (1988). Beneficiaries under an accidental death policy that formed part of an employee benefit plan brought suit against the employer and the benefit plan insurer for various state

law causes of action [1] after a claim for benefits was denied. After a trial before a jury, the plaintiffs were awarded substantial damages.

After concluding that there was no evidence to support the jury question addressing the key issue of whether Gorman was working at the time of his accident,[2] the trial court granted the defendants' motion for judgment *non obstante verdicto* and ordered that plaintiffs take nothing. The court of appeals, reasoning that the trial court lacked subject-matter jurisdiction of the plaintiffs' state law claims, held that 1) the trial judge erred in entering the judgment n.o.v.; and 2) the plaintiffs failed to prove that they were entitled to recover under the provisions of ERISA.[3] Although the court of appeals reversed the judgment of the trial court, for different reasons it also rendered judgment that the plaintiffs take nothing. 752 S.W.2d 710. We reverse in part the judgment of the court of appeals and affirm in part.

### THE FACTS AND NATURE OF THE DISPUTE

Dale Gorman was killed in an automobile collision in Houston. He was an employee of Tenneco, Inc., and was insured under an insurance policy issued by Life Insurance Company of North America ("LINA"); the policy was provided for Gorman by Tenne-co. Pamela Chambers Gorman, his wife, and Amanda Marie Gorman, his minor daughter, the designated beneficiaries under this policy, claimed that Gorman's death was covered under the policy and sought benefits. LINA, acting upon Tenneco's recommendation, denied coverage. Thereafter, petitioners filed this lawsuit against both Tenneco and LINA alleging numerous causes of action. On appeal, based on the jury verdict, they seek judgment against Tenneco for breach of fiduciary duties and against LINA for breach of contract, violation of Texas Insurance Code article 3.62 and gross negligence. Among the items of damages they seek to recover are attorney's fees, prejudgment interest, mental anguish and exemplary damages for gross negligence.

Tenneco and LINA contend that petitioners' causes of actions are preempted by ERISA because they "relate to" an employee benefit welfare plan organized pursuant to the authority and requirements of ERISA. *See* 29 U.S.C. § 1144(a) (1988); *Cathey v. Metropolitan Life Ins. Co,* 805 S.W.2d 387, 389–90 (Tex.1991). In the event the court finds that petitioners' claims are not preempted, the respondents also argue that there was no evidence to support the jury finding that Dale Gorman was "in travel or sojourn on the business of Tenneco" at the time of his accident.

---

1. The Gormans brought suit against Life Insurance Company of North America (LINA) and Tenneco for breach of contract, common law fraud, breach of fiduciary duty, breach of duty of good faith and fair dealing, negligence, statutory violations under Texas Insurance Code articles 3.62 and 21.21, violations of applicable regulatory orders issued by the State Board of Insurance, and *deceptive trade practices under Texas Business & Commerce Code §§ 17.46–17.62.* On appeal, based on the jury verdict, they seek to recover against LINA for breach of contract, gross negligence and violation of Texas Insurance Code art. 3.62, and against Tenneco for breach of fiduciary duty.

2. Question No. 1:
   Do you find from a preponderance of the evidence that at the time of his death, Dale Gorman was in travel and sojourn on the business of Tenneco.
   Answer "We do" or "We do not"
   Answer: We do.

3. The *court of appeals assumed without deciding that the Gormans' pleadings were broad* enough to state a claim under ERISA. However, the court of appeals held that the Gormans failed to prove that the benefits were denied arbitrarily or capriciously. Thus, the court of appeals held that the Gormans did not prevail on the ERISA claim. We note that this decision was handed down prior to the United States Supreme Court's decision in *Firestone Tire & Rubber Co. v. Bruch.* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). That decision clarified that the deferential arbitrary and capricious standard of review is only applied to ERISA claims challenging the denial of benefits under an ERISA plan when the plan expressly provides that the plan administrator or fiduciary is given discretion to *determine eligibility for benefits or to construe the terms of the plan.* Otherwise, the *de novo* standard is to apply. Before *Bruch,* a majority of the circuit courts applied the arbitrary and capricious standard to review ERISA claims challenging denial of benefits under a plan.

ERISA explicitly supersedes or "preempts" state laws to the extent that they "relate to" employee benefit plans not exempt from federal regulation. *Id.* This preemption provision is modified by a so-called "saving clause" which provides that state laws regulating insurance, banking, or securities are not preempted. *See id.* § 1144(b)(2)(A). Because ERISA's preemption and saving clauses "perhaps are not a model of legislative drafting," disputes as to the nature of their effect are becoming commonplace. *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 739, 105 S.Ct. 2380, 2388, 85 L.Ed.2d 728 (1985). In the instant case, we are called upon to decide the nature of ERISA's preemptive effect.

■ At the heart of the present dispute is whether, given the facts of this case, ERISA preemption implicates the subject-matter jurisdiction of the court or merely affects which law is to be used in the case. A preemption argument that affects the choice of forum rather than the choice of law is not waivable and can be raised for the first time on appeal. *See International Longshoremen's Ass'n v. Davis,* 476 U.S. 380, 397, 106 S.Ct. 1904, 1915, 90 L.Ed.2d 389 (1986); *Gilchrist v. Jim Slemmons Imports, Inc.,* 803 F.2d 1488, 1497 (9th Cir.1986); *see also Dueringer v. General Am. Life Ins. Co.,* 842 F.2d 127, 130 (5th Cir.1988); *Castillo v. Neely's TBA Dealer Supply, Inc.,* 776 S.W.2d 290, 292 (Tex.App.—Houston [1st Dist.] 1989, writ denied); *Great N. Am. Stationers, Inc. v. Ball,* 770 S.W.2d 631, 632 (Tex.App.—Dallas 1989, writ dism'd as moot).

LINA and Tenneco contend that the preemptive effect of ERISA in this case was invoked by their repeated objections in the trial court that petitioners' causes of action were preempted by ERISA, and that its invocation deprived the trial court of subject-matter jurisdiction over the case.

Alternatively, both LINA and Tenneco maintain that, because ERISA's preemptive effect deprives the trial court of subject-matter jurisdiction, they need not have raised ERISA preemption at trial—matters going to the subject-matter jurisdiction of the court may be raised for the first time on appeal. *See Texas Employment Comm'n v. International Union of Elec., Radio & Mach. Workers Local 782,* 163 Tex. 135, 352 S.W.2d 252, 253 (1961).

Petitioners assert that ERISA preemption, to the extent that it is applicable, merely affects which law is to be used in the case; it does not deprive the court of subject-matter jurisdiction. They reason that unless the cause of action alleged is created by ERISA or contains a right or immunity created by ERISA as an element, the suit is not brought "under" ERISA [4] and thus is not within the exclusive jurisdiction of the federal courts. Accordingly, they maintain that ERISA must be pleaded and proved or it is waived.

## SUBJECT–MATTER JURISDICTION UNDER ERISA

Sections 1132(a)(1)(B) and (e) of ERISA provide that state courts of competent jurisdiction and district courts of the United States have concurrent jurisdiction of actions by a beneficiary: 1) to recover benefits due under the terms of the plan; 2) to enforce rights under the plan; or 3) to clarify rights to future benefits. Any other civil ERISA action is within the exclusive jurisdiction of the federal courts. 29 U.S.C. § 1132(e)(1) (1988). Accordingly, when a state court suit alleged in terms of a state common-law or statutory cause of action "relates to" an employee welfare benefit plan, ERISA may preempt the state law in favor of federal law. If, however, the state-law cause of action falls within

---

4. This contention does not comport with *Metropolitan Life Insurance Co. v. Taylor,* wherein the Supreme Court stated that a suit to recover benefits due under an employee benefit plan, "though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Con-

gress. It, therefore, 'arise[s] under the ... laws ... of the United States.'" 481 U.S. 58, 67, 107 S.Ct. 1542, 1548, 95 L.Ed.2d 55 (1987); *see also Ramirez v. Inter–Continental Hotels,* 890 F.2d 760, 762 (5th Cir.1989); *Degan v. Ford Motor Co.,* 869 F.2d 889, 893 (5th Cir.1989).

the scope [5] of one of the three aforementioned classes of actions that are not entrusted exclusively to federal court jurisdiction, the state court has concurrent jurisdiction over the action even in the face of a timely and successful assertion of ERISA preemption and, in the absence of removal to the federal courts, may properly decide the case under the provisions of ERISA. *See Ames v. Ames,* 776 S.W.2d 154, 157–58 (Tex.1989), *cert. denied,* — U.S. —, 110 S.Ct. 1809, 108 L.Ed.2d 939 (1990); *Commercial Life Ins. Co. v. Superior Court,* 47 Cal.3d 473, 253 Cal.Rptr. 682, 764 P.2d 1059 (Cal.1988), *cert. denied sub nom. Juliano v. Commercial Life Ins. Co.,* 490 U.S. 1075, 109 S.Ct. 2087, 104 L.Ed.2d 651 (1989); *Duffy v. Brannen,* 148 Vt. 75, 529 A.2d 643, 649–50 (1987); *Rodriguez v. Travelers Ins. Co.,* 54 Wash.App. 725, 775 P.2d 973, 974–75, *review denied,* 113 Wash.2d 1022, 781 P.2d 1323 (1989). An assertion of ERISA preemption in such a case would affect only the choice of law, not the choice of forum. *See Gilchrist,* 803 F.2d at 1497; *Ames,* 776 S.W.2d at 157–58.

### ERISA PREEMPTION: AN AFFIRMATIVE DEFENSE?

██ Petitioners contend that ERISA preemption is an affirmative defense. Pleading an affirmative defense permits introduction of evidence which does not tend to rebut the factual propositions asserted in the plaintiff's case, but which seeks to establish an independent reason why the plaintiff should not recover. 2 R. Mc-

DONALD, TEXAS CIVIL PRACTICE § 7.34.1 (1982); *see also Moulton v. Alamo Ambulance Serv., Inc.,* 414 S.W.2d 444, 448 (Tex. 1967); *W.L. Moody & Co. v. Rowland,* 100 Tex. 363, 99 S.W. 1112, 1115 (1907). In short, an affirmative defense is one of avoidance, rather than a defense in denial.

██ A number of federal courts have held that ERISA preemption, when it operates to displace state law in favor of federal law, is waived if not timely asserted as an affirmative defense. *See In re HECI Exploration Co.,* 862 F.2d 513, 518–20 (5th Cir.1988); *Dueringer v. Gen. Am. Life Ins. Co.,* 842 F.2d 127, 129–30 (5th Cir.1988); *Gilchrist,* 803 F.2d at 1497; *Johnson v. Armored Transp., Inc,* 813 F.2d 1041, 1043–44 (9th Cir.1987); *Rehabilitation Inst. v. Equitable Life Assurance Soc'y of the U.S.,* 131 F.R.D. 99, 100–01 (W.D.Pa. 1990); *see also Castillo,* 776 S.W.2d at 293; *Hughes v. Blue Cross,* 215 Cal.App.3d 832, 263 Cal.Rptr. 850, 861 (1989), *cert. dismissed,* — U.S. —, 110 S.Ct. 2200, 109 L.Ed.2d 527 (1990); *Hubred v. Control Data Corp.,* 442 N.W.2d 308, 310 n. 1 (Minn.1989). We are in accord and hold that, where ERISA's preemptive effect would result only in a change of the applicable law,[6] preemption is an affirmative defense [7] which must be set forth in the defendant's answer or it is waived.[8]

### PETITIONERS' CLAIMS AGAINST TENNECO

██ We must now decide whether petitioners' state-law claim against Tenneco falls within the scope of section

---

**5.** *Cf. Ramirez v. Inter-Continental Hotels,* 890 F.2d 760, 762 (5th Cir.1989) (state-law claim to recover benefits from ERISA plan comes within scope of 29 U.S.C. § 1132(a)(1)(B)). State courts have concurrent jurisdiction to adjudicate ERISA claims that fall within the scope of § 1132(a)(1)(B). 29 U.S.C. § 1132(e) (1988).

**6.** In state court, such a situation arises when the defendant successfully asserts ERISA preemption as a defense to a state-law cause of action seeking benefits due under the terms of the plan. *See Ames,* 776 S.W.2d at 157–58.

**7.** Placing the burden on the defendant to plead and prove the applicability of ERISA preemption is consistent with the U.S. Supreme Court's

statement in *Metropolitan Life Insurance Co. v. Massachusetts* that "[t]he presumption is against preemption." 471 U.S. 724, 741, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985).

**8.** Texas Rule of Civil Procedure 94 requires that matters constituting an avoidance or affirmative defense must be set forth affirmatively. "The purpose of rule 94 ... is to require the defendant to announce in his pleadings what his defense will be ... and to give the plaintiff the opportunity of knowing what character of proof he may need to meet the defenses pleaded." *Reid v. Associated Employers Lloyds,* 164 S.W.2d 584, 585 (Tex.Civ.App.—Fort Worth 1942, writ ref'd); *see also Davis v. City of San Antonio,* 752 S.W.2d 518, 519 (Tex.1988).

1132(a)(1)(B), which enumerates the three types of ERISA claims that state courts may hear: 1) a claim to recover benefits due under the terms of the plan; 2) an action to enforce rights under the plan; or 3) an action to clarify rights to future benefits. 29 U.S.C. § 1132(a)(1)(B) (1988). If it does not, then a successful assertion of ERISA preemption would deprive state courts of subject-matter jurisdiction to hear the claim. Tenneco contends that petitioners are pursuing only a state common-law breach of fiduciary duty claim on appeal. A claim for breach of fiduciary duty that relates to the administration of an ERISA plan falls within the exclusive jurisdiction of the federal courts, and state courts therefore may not hear such claims. 29 U.S.C. § 1132(e)(1) (1988). If Tenneco is correct, its claims of ERISA preemption go to the subject-matter jurisdiction of the trial court and may therefore be raised for the first time on appeal.

Petitioners alleged numerous causes of action against Tenneco, including a claim for breach of fiduciary duties under state law theories. In their petition, petitioners alleged that "[b]y procuring insurance coverage for its employees, Tenneco, Inc. operated in the capacity of a fiduciary and an insurer for its employees." Petitioners also alleged that Tenneco "assumed the duties of a fiduciary as to its employees generally." These allegations were followed by specific acts allegedly in breach of this fiduciary duty. Furthermore, in the court's charge the petitioners secured questions which asked the jury whether Tenneco had a fiduciary duty to them, whether any such duty was breached, and whether such breach was a proximate cause of any damage to them. And on appeal to this court, petitioners seek judgment on this ground to the exclusion of their other causes of action against Tenneco.

Tenneco's objection that ERISA preempts petitioners' cause of action against them for breach of fiduciary duty must be heard by this court; it is jurisdictional in nature and cannot be waived. Since the petitioners' claim for breach of fiduciary duty relates to an employee benefit plan governed by ERISA and it is not a claim for benefits due under the policy or a suit to enforce rights under the policy, it falls within the exclusive jurisdiction of the federal courts. Thus, the trial court did not have jurisdiction to hear this claim because ERISA preempted subject-matter jurisdiction. *See* 29 U.S.C. §§ 1132(a)(1)(B), (e)(1); *see also International Longshoremen,* 476 U.S. at 397, 106 S.Ct. at 1915. We therefore agree with the opinion of the court of appeals insofar as it holds that petitioners' breach of fiduciary duty claim against Tenneco is preempted by ERISA.

### PETITIONERS' CLAIMS AGAINST LINA

We now address petitioners' claims against LINA. On appeal to this court, petitioners maintain that judgment should be rendered against LINA on the basis of the jury's finding that Gorman was "in travel and sojourn" for Tenneco at the time of his death. This finding established that LINA breached the contract of insurance that it had entered into with Gorman. Petitioners also seek statutory penalties, attorney's fees, prejudgment interest, damages for mental anguish and prejudgment interest thereon, and exemplary damages. LINA did not raise ERISA preemption with regard to any of these causes of action by an affirmative written pleading in the trial court. During pretrial hearings on the first day of trial, LINA filed a motion to strike Gormans' pleadings of causes of action relating to the Summary Plan Description alleging that ERISA preempted them. Because of the differing effects of choice of law preemption and choice of forum preemption we will address the claims separately.

### A.  *Breach of Contract*

As noted above, sections 502(e)(1) and (a)(1)(B) of ERISA, which delimit the types of ERISA actions that may be brought in state courts, confer concurrent jurisdiction upon state courts to award benefits due under the terms of an employee benefit plan. Thus, even if LINA had timely pled ERISA preemption, the trial court would not have been deprived of subject-

matter jurisdiction over petitioners' breach of contract claim because it may be characterized as a claim for benefits due under the terms of the plan.[9] *See Ames,* 776 S.W.2d at 157–58; *see also Davis v. John Alden Life Ins. Co.,* 746 F.Supp. 44, 47 (D.Kan.1990) (in case involving removal jurisdiction, state law breach of contract claim could be recharacterized as action to recover benefits under ERISA, thus state court had jurisdiction but case was subject to removal). Here, the court of appeals assumed without deciding that the Gormans' pleadings stated a cause of action to recover benefits due under the plan. After making this assumption, the court of appeals determined that the denial of benefits was subject to review under the arbitrary and capricious standard. It concluded that the Gormans did not establish that the insurer acted arbitrarily or capriciously in denying the claim. Thus, the court of appeals rendered judgment for the defendants on the assumed ERISA claim.

■ We note, however, that the United States Supreme Court's holding in *Firestone Tire & Rubber Co. v. Bruch* would control the decision in this case because it clarified when the *de novo* and arbitrary and capricious review standards apply in ERISA cases brought under § 1132(a)(1)(B). 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). The *Firestone* opinion established that a *de novo* review standard applied to these ERISA claims unless the plan expressly provided that the plan administrator or fiduciary had discretionary authority to determine eligibility for benefits or to construe the terms of the plan. *Id.* at 114, 109 S.Ct. at 956, 103 L.Ed.2d at 95. The Supreme Court noted that the basis for the *de novo* review is consistent with the courts' treatment of actions challenging denial of benefits before ERISA. The Court stated:

> Actions challenging an employer's denial of benefits before enactment of ERISA were governed by the principals [sic] of contract law. If the plan did not give the

employer or administrator discretionary or final authority to construe uncertain terms, the court reviewed the employee's claims as it would any other contract claim—by looking to the terms of the plan and other manifestations of the parties' intent.

*Id.* at 112, 109 S.Ct. at 955, 103 L.Ed.2d at 94. Imposition of the arbitrary or capricious standard would afford employees less protection than they enjoyed before ERISA. *Id.* Given this guidance, we hold that the *de novo* standard would have applied to an ERISA claim in this case because the policy does not expressly give LINA discretion to determine eligibility for benefits. Since an ERISA claim for benefits due under the plan would have applied the principles of contract law, the result would not have differed. Therefore, the raising of ERISA preemption does not alter the outcome of this case as either state or federal law would have dictated the same result. Therefore, the issue of whether LINA timely raised ERISA preemption is academic in this case and we do not reach it. Thus, we hold that petitioners' claim for the $250,000 in benefits due under the policy is not affected by the defense of ERISA preemption.

### B. Attorney's Fees

■ ERISA also authorizes state courts to award reasonable attorney's fees and costs to either party. 29 U.S.C. § 1132(g)(1); *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 147, 105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1985). Accordingly, a successful assertion of ERISA preemption would not have deprived the state court of concurrent jurisdiction to award attorney's fees. Therefore, the trial court had jurisdiction to award attorney's fees.

### C. Article 3.62, Mental Anguish, and Exemplary Damages

■ State courts are vested with concurrent jurisdiction by sections

---

**9.** The fact that the claim is alleged in terms of state law does not preclude the court from adjudicating the case under the provisions of ERISA if state law is found to be preempted. "It is a general rule ... that the petition will be construed as favorably as possible for the pleader." *Gulf, Colo. & Sta. F. Ry. v. Bliss,* 368 S.W.2d 594, 599 (Tex.1963).

1132(a)(1)(B) and (e) to adjudicate ERISA claims 1) for benefits due under the terms of the plan [10]; 2) to enforce rights under the plan; 3) to clarify rights to future benefits. All other ERISA actions fall within the exclusive jurisdiction of the federal courts. *See* 29 U.S.C. § 1132(e) (1988). Accordingly, for state-law claims that do not fall within the scope of one of these three categories, an assertion of ERISA preemption is, if successful, jurisdictional and may therefore be raised for the first time on appeal. *See Texas Employment Comm'n,* 352 S.W.2d at 253 (matters going to the subject-matter jurisdiction of a court may be raised for the first time on appeal). The remainder of the petitioners' claims fall outside the scope of the aforementioned categories. Therefore, LINA's assertion of ERISA preemption as to those claims for damages precludes recovery.

## LEGAL SUFFICIENCY

█ The trial court entered judgment n.o.v. because it found that there was no evidence to support the jury's finding that Dale Gorman was on company business when the accident occurred. The Gormans argue that there is some evidence to support the jury's verdict. We must reach the merits of this issue because we hold that the trial court had jurisdiction to determine the Gormans' right to recovery whether the cause was for breach of contract or an ERISA claim for benefits due under the plan.

It is uncontroverted that Dale Gorman was attending a seminar away from his office at Tenneco on the day of his death. The evidence establishes that he left the seminar at noon and attended a meeting at Tenneco at 2:00 p.m. According to witnesses who also attended the seminar, Gorman informed another attendee that he had a meeting at his office but he would try to return to the afternoon session of the seminar. A witness who attended the meeting at Tenneco testified that Gorman left the meeting early and stated that he was going to return to the seminar. Although there was testimony that the location of the accident was not on the most direct route to the seminar, there was also evidence that it was not on the most direct route to Gorman's home. Given this evidence, the jury could have inferred from the testimony that Gorman was on business at the time of the accident. *See Briones v. Levine's Dep't Store, Inc.,* 446 S.W.2d 7, 10 (Tex. 1969) (jury finding may be based on inference fairly drawn from facts in evidence); *Kentucky Cent. Life Ins. Co. v. Fannin,* 575 S.W.2d 76, 80 (Tex.Civ.App.—Amarillo 1978, no writ) (jury privileged to believe all, part or none of witness testimony and draw reasonable inferences from facts proved). Reviewing this evidence in the light most favorable to the jury verdict, we conclude that there was some evidence to support the jury's finding. Therefore, we remand the cause to the court of appeals to review the factual sufficiency points raised by LINA.

## PREJUDGMENT INTEREST

█ The petitioners seek to recover prejudgment interest. However, as a federal cause of action, an ERISA claim is governed by federal law which contains no specific authorization for prejudgment interest. *Dependahl v. Falstaff Brewing Corp.,* 653 F.2d 1208, 1219 (8th Cir.), *cert. denied,* 454 U.S. 1084, 102 S.Ct. 641, 70 L.Ed.2d 619 (1981). Nevertheless, under federal case law, the trial court is accorded discretion to award prejudgment interest. *Moon v. American Home Assur. Co.,* 888 F.2d 86, 90 (11th Cir.1989); *see also Whitfield v. Lindemann,* 853 F.2d 1298, 1306 (5th Cir.1988), *cert. denied sub nom., Klepak v. Dole,* 490 U.S. 1089, 109 S.Ct. 2428, 104 L.Ed.2d 986 (1989); *Katsaros v. Cody,* 744 F.2d 270, 281 (2d Cir.), *cert. denied sub nom., Cody v. Donovan,* 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984). One state court has interpreted these cases to allow recovery of prejudgment interest in ERISA actions brought in state court. *Evans v. W.E.A. Ins. Trust,* 122 Wis.2d 1, 361

---

**10.** A majority of the courts that have addressed the issue of how broadly to construe the phrase "under the terms of the plan," as it is used in section 1132(a)(1)(B), have opted for a restrictive interpretation. *See Ames,* 776 S.W.2d at 161 (Gonzalez, J., concurring and dissenting).

N.W.2d 630, 639 (1985) We agree with the Wisconsin Supreme Court's statement that "the tenor of the Act would appear to afford an equal remedy whether the action was brought in state or federal court." *Id.* Thus we hold that the trial court has discretion to award prejudgment interest in ERISA cases. If the court of appeals finds that the evidence is factually sufficient to support the verdict, it should remand this cause to the trial court to determine whether, in its discretion, the Gormans are entitled to prejudgment interest. *Moon,* 888 F.2d at 90. If awarded, the interest rate to be applied is governed by Texas law. *Dependahl,* 653 F.2d at 1219–20.

### CONCLUSION

Accordingly, we hold that ERISA is not a bar to recovery in this case. We further hold that there was some evidence to support the jury finding that Gorman was on travel and sojourn for his employer at the time of his death. We agree with the court of appeals' that ERISA preempted recovery of punitive damages, and mental anguish damages from LINA.

Judgment of the court of appeals that petitioners take nothing from Tenneco is affirmed. As to petitioners' claims against LINA, the cause is reversed and remanded to the court of appeals for further proceedings consistent with this opinion.

Concurring opinion on motion for rehearing by DOGGETT, J., joined by MAUZY and GAMMAGE, JJ.

DOGGETT, Justice, concurring.

The concurring opinion of January 30, 1991 is withdrawn and the following is substituted.

I reluctantly concur based upon the analysis provided in my concurrence in the companion case of *Cathey v. Metropolitan Life Ins. Co.,* 805 S.W.2d 387. The court notes that "for state-law claims that do not fall within the scope of one of these three categories, an assertion of ERISA preemption is, if successful, jurisdictional and may therefore be raised for the first time on appeal." *Id.* at 547. The harsh effect of

this conclusion is that an insurer may now defeat a claim by asserting an ERISA defense for the first time on appeal after a Texas judge and jury have found it guilty of engaging in false, misleading or deceptive acts or breaching its duty of good faith and fair dealing. What was designed to protect workers has now become a vehicle for insurers to evade that protection.

Furthermore, I believe that in exercising its discretion on remand the trial court should consider our uniform policy permitting the recovery of prejudgment interest. *See, e.g., Rio Grande Land & Cattle Co. v. Light,* 758 S.W.2d 747, 748 (Tex.1988) (per curiam) (awarding prejudgment interest discourages delay and encourages compromise); *Perry Roofing Co. v. Olcott,* 744 S.W.2d 929, 930 (Tex.1988); *Cavnar v. Quality Control Parking, Inc.,* 696 S.W.2d 549 (Tex.1985).

MAUZY and GAMMAGE, JJ., join in this concurring opinion.