Opinion issued August 12, 2004






















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00062-CV
____________
 
D. B., Appellant
 
V.
 
K. B., Appellee
 

 
 
On Appeal from the 311th District Court
Harris County, Texas
Trial Court Cause No. 2000-60319
 

 
 
O P I N I O N
          In this appeal from a divorce proceeding, appellant, D. B., challenges the trial
court’s rendition of summary judgment in favor of appellant’s ex-wife, appellee, K.
B., that the potential proceeds from appellant’s qui tam lawsuit


 are community
property.


 In his sole issue, appellant contends that the trial court erred in granting
appellee’s no-evidence summary judgment motion and in denying appellant’s no-evidence summary judgment motion because (1) appellee failed to respond to
appellant’s motion, (2) appellee failed to comply with Texas Rules of Civil Procedure
166a(c)


 and 166a(d),


 (3) there was no evidence that appellant’s potential qui tam
fee


 constituted community property, and (4) the False Claims Act


 preempts Texas
community property law.


 We affirm.
Facts and Procedural Background
          While he was married to appellee, appellant, having learned of a fraud against
the United States government, filed a qui tam lawsuit under the False Claims Act in
federal district court. Appellant served the United States Attorney’s Office with a
copy of his complaint and documentation that he thought would be of interest to it. 
As the relator in that proceeding, appellant could potentially recover a fee of between
15 and 30 percent of any damages awarded in the qui tam lawsuit.



          On November 27, 2000, appellee, who had been married to appellant for over
10 years, filed a petition for divorce. Thereafter, appellant and appellee came to an
agreement on how to divide the majority of their assets and liabilities. However, they
did not agree on whether appellant’s potential fee from the qui tam lawsuit was a
community asset to be divided as part of the divorce.
          On December 18, 2001, the trial court conducted an in camera evidentiary
hearing, with appellant as the sole testifying witness, to determine whether
appellant’s potential qui tam fee was a community asset. At the hearing, appellant
testified that he had filed the qui tam lawsuit while he was married to appellee and
that, up to the date of the hearing, he had paid the “expenses and costs of the lawsuit”
himself. Appellant also stated that, should the federal government decide not to
prosecute the case, he did not intend to prosecute it himself.
          Following this hearing, the trial court directed the parties to file summary
judgment motions on the issue of whether appellant’s potential qui tam fee was a
community asset. On January 28, 2002, the parties filed opposing no-evidence
summary judgment motions. In his motion, appellant argued that, because appellee
had failed to establish that he had a present vested interest in the qui tam fee as of the
date of the divorce, there was no evidence that the fee was community property or
that the community presumption applied. In her motion, appellee argued that,
because appellant testified that he learned about the fraud and filed the lawsuit during
their marriage, there was no-evidence that the potential qui tam fee was separate
property.
          On January 31, 2002, appellant filed a response to appellee’s no-evidence
summary judgment motion, in which he argued that the trial court should not consider
appellee’s motion because she did not comply with the requirements of Texas Rules
of Civil Procedure 166a(c) and 166a(d). Specifically, appellant asserted that appellee
(1) failed to file her motion at least 21 days before the date of the summary judgment
hearing and (2) used “deposition transcripts” as summary judgment evidence without
notifying appellant of her intent to do so at least 21 days before the summary
judgment hearing.
          On February 3, 2002, following a hearing on the parties’ no-evidence summary
judgment motions, the trial court issued an order granting appellee’s motion in all
respects. Thereafter, following a bench trial on the issues of spousal maintenance,
attorney’s fees, and whether a particular debt was a community liability, the trial court
made the following findings in its final decree:
With respect to the [qui tam] False Claims Act issue, pursuant to and
consistent with the Court’s ruling on [appellee’s] Motion for Summary
Judgment, the Court finds that there is a community interest in any
proceeds that may be derived as a result of that action or those
proceedings. The Court is awarding those one-half to each party.

Standard of Review
          To prevail on a no-evidence summary judgment motion, a movant must allege
that there is no evidence of an essential element of the adverse party’s claim. Tex.
R. Civ. P. 166a(i); Southwestern Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex.
2002); Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d
830, 834 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Although the non-moving
party is not required to marshal its proof, it must present evidence that raises a
genuine fact issue on each of the challenged elements. Tex. R. Civ. P. 166a(i). A
no-evidence summary judgment may not be properly granted if the non-movant
brings forth more than a scintilla of evidence to raise a genuine issue of material fact. 
Id. More than a scintilla of evidence exists when the evidence “rises to a level that
would enable reasonable and fair-minded people to differ in their conclusions.” 
Merrell Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). 
When reviewing a summary judgment, we take as true all evidence favorable to the
non-movant, and we indulge every reasonable inference and resolve any doubts in the
non-movant’s favor. Grant, 73 S.W.3d at 215.
Failure to Respond
          Appellant argues that, because appellee did not file a response to his no-evidence summary judgment motion, the trial court should have granted his motion
and denied appellee’s motion. However, when both parties file opposing motions for
summary judgment, one is necessarily responsive to the other. Seaman v. Seaman,
686 S.W.2d 206, 210 (Tex. App.—Houston [1st Dist.] 1984, writ ref’d n.r.e). 
Appellant and appellee filed opposing no-evidence summary judgment motions on
the sole issue of whether appellant’s potential qui tam fee was a community asset. 
Here, appellee’s no-evidence summary judgment motion was necessarily responsive
to appellant’s no-evidence summary judgment motion on the same issue.
Rules 166a(c) and 166a(d)
          Appellant also argues that the trial court should not have considered appellee’s
summary judgment motion because appellee, (1) without leave of the trial court, filed
her motion “with[in] less than the required 21 days notice” and (2) used “deposition
transcripts” as summary judgment evidence without notifying appellant of her intent
to do so at least 21 days before the summary judgment hearing. See Tex. R. Civ. P.
166a(c) and 166a(d).
          Rule 166a(c) provides that, except on leave of court and with notice to
opposing counsel, a summary judgment motion and any supporting affidavits shall
be filed and served at least 21 days before the time specified for the summary
judgment hearing. Tex. R. Civ. P. 166a(c). Rule 166a(d) provides that discovery not
on file with the clerk may be used as summary judgment evidence if copies of the
material, appendices containing the evidence, or a notice containing specific
references to other instruments, are filed and served on all parties, together with a
statement of intent to use the specified discovery as summary judgment evidence, at
least 21 days before the summary judgment hearing. Tex. R. Civ. P. 166a(d).
          In regard to appellant’s assertion that appellee filed her summary judgment 
motion “with[in] less than the required 21 days notice,” we note that parties may alter
the deadlines for filing summary judgment motions by Rule 11 agreement. See
Fraud-Tech, Inc. v. Choicepoint, Inc., 102 S.W.3d 366, 377 (Tex. App.—Fort Worth
2003, pet. denied). Here, on January 25, 2001, appellant and appellee executed a
Rule 11 Agreement extending the time for filing their summary judgment motions to
January 28, 2001. Appellee filed this agreement with the trial court, and both parties
filed their motions on January 28. Accordingly, we hold that appellee was not
required to obtain the trial court’s leave to file her motion “with[in] less than the
required 21 days notice.”
          In regard to appellant’s assertion that appellee failed to give him at least 21
days notice of her intention to use “deposition transcripts” as summary judgment
evidence, we note that, to preserve a complaint for appellate review, a trial court must
either expressly or implicitly rule on a request, objection, or motion. Tex. R. App. P.
33.1(a)(2)(A). Here, although appellant objected to appellee’s failure to give him at
least 21 days notice of her intention to use deposition transcripts as summary
judgment evidence, appellant failed to obtain a written ruling on his objection. See
Green v. Indust. Speciality Contractors, Inc., 1 S.W.3d 126, 130 (Tex.
App.—Houston [1st Dist.] 1999, no pet.) (noting that, to preserve error, party must
obtain written ruling on objections to summary judgment evidence). Moreover, we
can find nothing in the record to indicate that the trial court implicitly ruled on
appellant’s objection. See Jones v. Ray Ins. Agency, 59 S.W.3d 739, 753 (Tex.
App.—Corpus Christi 2001, pet. denied) (noting that “for there to be an ‘implicit’
ruling . . . there must be something in the summary judgment or the record to indicate
[that] the trial court ruled on objections other than the mere granting of the summary
judgment.”). Accordingly, we hold that appellant has waived any error in regard to
his argument that appellee failed to notify him of her intention to use deposition
transcripts as summary judgment evidence at least 21 days prior to the summary
judgment hearing.
Community Property
          Appellant next argues that the trial court erred in granting appellee’s summary
judgment motion because there was no evidence that appellant’s potential qui tam fee
was community property. He asserts that, in her summary judgment motion, appellee
failed to show that the qui tam fee was “received or otherwise vested during the
marriage” or that, if it is ever actually received, the qui tam fee will be “an asset that
will relate back to the community in any way.”
          As noted above, appellee, in her summary judgment motion, argued that there
was no evidence that appellant’s potential qui tam fee was separate property. 
Separate property consists in part of property owned or claimed by a spouse before
marriage. Tex. Fam. Code Ann. § 3.001(1) (Vernon 1998). Community property
consists of property other than separate property that is acquired by either spouse
during the marriage. Id. § 3.002 (Vernon 1998). The characterization of property as
either “community” or “separate” is determined by the inception of title to the
property. Alsenz v. Alsenz, 101 S.W.3d 648, 652 (Tex. App.—Houston [1st Dist.]
2003, pet. denied). Inception of title occurs when a party first has the right of claim
to the property. Id. Property possessed by either spouse on dissolution of marriage
is presumed to be community property. Tex. Fam. Code Ann. § 3.003. To defeat
this presumption, a spouse must establish by clear and convincing evidence that
property is separate property. Id.
          No Texas case has addressed the issue of whether a potential qui tam fee that
has not been received during marriage qualifies as community property. However,
in 1976, in another case of first impression, the Texas Supreme Court addressed an
analogous issue in Clearly v. Clearly, 544 S.W.2d 661 (Tex. 1976). In Clearly, as
part of a property division pursuant to a divorce, a wife was granted a “fractional
interest in future military retirement benefits if and when received by [her] husband.” 
Id. at 662. The benefits had not vested and had not been acquired by the husband
during the marriage and were subject to forfeiture in the event that the husband died
or was dishonorably discharged prior to his retirement date. Id. at 665. Nevertheless,
the Court held that, because the husband had a contingent interest in the benefits at
the time of divorce, the benefits were “a community asset subject to consideration
along with other property in the division of the estate of the parties.” Id. at 666. In
its analysis, the Court explained as follows:
Although a servicemen’s military pension is not payable before the date
of its maturity, it is not ‘earned’ on that day. Rather, it is a form of
deferred compensation which is earned during each month of his
military service. The portion that [the husband] earned during the
months of coverture became contingent earnings of the community
which may or may not bloom into full maturity at some future date.

Id.
          Although there are no Texas cases directly on point, an intermediate California
appellate court addressed the exact issue presented here in Biddle v. Biddle, 52 Cal.
App. 4th 396 (Cal. Ct. App. 1997). In Biddle, the court held that, because a husband
had discovered a False Claims Act violation and had filed a qui tam lawsuit during
marriage, his potential qui tam fee “amount[ed] to a contingent future interest and
divisible community property.” Id. at 400. Although Biddle is not binding precedent,
we note that, in reaching its holding, the court relied on Brown v. Brown, 15 Cal. 3d
838, 126 Cal. Rptr. 633, 544 P.2d 561 (1976), a case decided by the California
Supreme Court, which the Texas Supreme Court quoted extensively in Clearly. See
Clearly, 544 S.W.2d at 663-64. We find the reasoning of Biddle to be persuasive, and
recognize that, under appropriate circumstances, a potential fee from a qui tam
lawsuit, although not received during marriage, may qualify as community property.
          Here, appellee produced summary judgment evidence, consisting of excerpts
from appellant’s testimony at the in camera hearing, which established that, during
their marriage, appellant learned of the fraud against the federal government, filed the
qui tam lawsuit, and provided the United States Attorney’s Office with knowledge
that would be of interest to them. Once the lawsuit was filed, appellant’s receipt of
a qui tam fee became contingent upon the United States Attorney’s Office
prosecuting his case


 and securing a monetary settlement or a damage award. 
However, were appellant to receive a fee in the future, he would not have “earned”
that fee on the date on which it was paid. See Clearly, 544 S.W.2d at 655. Rather,
he would have earned the fee by discovering the fraud, filing the qui tam lawsuit, and
providing the United States Attorney’s Office with information; all events that
occurred during appellant’s marriage to appellee. Accordingly, we hold that appellant
possessed a contingent interest in the qui tam fee during his marriage to appellee. See
id. at 666. 
          To rebut the community presumption, appellant was required to produce clear
and convincing evidence that he did not earn the potential qui tam fee during the
marriage. Tex. Fam. Code Ann. § 3.003. However, in his no-evidence summary
judgment motion, appellant simply argued that the evidence showed that his interest
in the qui tam fee, “if any, [was] so remote and so unrelated to the community estate”
that the potential fee could not be community property.
          Accordingly, because appellant failed to produce any summary judgment
evidence establishing that he did not earn the potential qui tam fee during marriage,
we hold that appellant’s interest in the fee was community property and was properly
subject to division by the trial court as part of the divorce.
Preemption
          Appellant finally argues that the trial court erred in granting appellee’s no-evidence summary judgment motion because the False Claims Act preempts Texas
law. Therefore, to the extent that Texas community property law grants appellee an
interest in his potential qui tam fee, appellant argues that Texas law is preempted by
the False Claims Act.
          Preemption is generally an affirmative defense, which must be set forth in a
defendant’s answer or the issue will be waived. Gorman v. Life Ins. Co. of N. Am.,
811 S.W.2d 542, 546 (Tex. 1991). A defendant may raise a preemption argument for
the first time on appeal only if the issue of preemption implicates the subject matter
jurisdiction of the court. Id. at 545.
          Here, appellant did not raise the issue of preemption in his answer to appellee’s
petition for divorce, and he did not raise the issue until after the trial court had already
granted appellee’s no-evidence summary judgment motion. Moreover, appellant’s
preemption argument does not implicate the subject matter jurisdiction of either the
trial court or of this court. Therefore, we hold that appellant has waived this issue.




Conclusion
          We hold that the trial court did not err in granting appellee’s no-evidence
summary judgment motion and in denying appellant’s no-evidence summary
judgment motion.
          We overrule appellant’s sole issue and affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Keyes.