Affirmed as Modified and Opinion filed September 15, 2005













Affirmed as Modified and Opinion filed September 15, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00462-CV

_______________

 

CAMILLA HARRIS HAYNES, Appellant

 

V.

 

ALICE HAYNES and 

METROPOLITAN LIFE INSURANCE COMPANY, Appellees

______________________________________________________________

 

On Appeal from 387th District Court

Fort Bend County, Texas

Trial Court Cause No. 02-CV-124225

______________________________________________________________

 

O P I N I O N

 

In this life insurance proceeds
dispute, Camilla Harris Haynes (ACamilla@) appeals a judgment entered for
Alice Haynes (AAlice@) on various grounds.  We affirm as modified.

Background








Jimmy Haynes (AJimmy@) died in 2001 while employed by
Texaco Oil Company (ATexaco@).  His employee benefits
with Texaco included a life insurance policy (the Apolicy@) issued by Metropolitan Life
Insurance Company (AMet Life@) for which he had designated his mother, Alice, beneficiary.  Both Alice and Jimmy=s wife, Camilla, thereafter claimed
an interest in the policy proceeds, leading to this lawsuit between them and
Met Life.  As relevant to this appeal,
the trial court ultimately entered judgment awarding Alice the policy proceeds, actual and
exemplary damages for tortious interference with contract, and attorney=s fees.

Preemption

Camilla=s seventh issue[1]
contends that all of Alice=s claims should be dismissed because
they are preempted by the Employee Retirement Income Security Act of 1974 (AERISA@).[2]  There is no dispute in this case that the policy
is part of an employee benefit plan to which ERISA applies.

State and federal courts have
concurrent jurisdiction over actions by a beneficiary to: (1) recover benefits
due under an ERISA plan; (2) enforce rights under the plan; or (3) clarify
rights to future benefits.  29 U.S.C.A. ' 1132(a)(1)(b), (e) (West 1999); Gorman
v. Life Ins. Co. of N. Am., 811 S.W.2d 542, 545 (Tex. 1991). 
To the extent a state court has subject matter jurisdiction over such an
action, ERISA preemption is an affirmative defense affecting only the law to be
applied (not the trial court=s jurisdiction) and is waived if not asserted.  Gorman, 811 S.W.2d at 546.








Conversely, a beneficiary=s state-law claim that Arelates to@ an ERISA plan but does not fall into
one of the three foregoing categories is within the exclusive jurisdiction of
the federal courts, and the resulting ERISA preemption deprives a state court
of jurisdiction over the claim.  Id. at 547.  To determine whether a state-law claim has
the forbidden connection to ERISA, we look to both the objectives of ERISA and
the effect of the asserted state law on ERISA plans.  Egelhoff v. Egelhoff, 532 U.S. 141, 147
(2001).  Among these objectives are to
provide a comprehensive uniform scheme that enables claims to be processed and
benefits to be disbursed strictly by reference to what is provided in plan
documents to ensure fair and prompt enforcement of rights with minimum
administrative and financial burden and delay. 
See id. at 147-48.  In
addition, because the scheme is deemed to be comprehensive with regard to the
remedies provided and excluded, any state-law cause of action that duplicates,
supplements, or supplants the ERISA civil enforcement remedy conflicts with the
Congressional intent to make the ERISA remedy exclusive and is preempted.  See Aetna Health Inc. v. Davila, 124
S.Ct. 2488, 2495 (2004).  Therefore, to
the extent a state-law action is directed at rectifying a wrongful denial of
benefits under an ERISA plan (as contrasted from a violation of a legal duty
arising independently of ERISA), but provides remedies not available under
ERISA,[3]
it is completely preempted.  Id. at 2497-99.[4]

In this case, Alice=s claim for the life insurance
proceeds sought to recover benefits due under an ERISA plan in accordance with
the terms of the plan.  Therefore, the
trial court had jurisdiction to decide that claim, and Camilla=s contention that this claim should
be dismissed by reason of preemption is overruled.[5]








On the other hand, Alice=s tortious interference claim alleged
that, by asserting a baseless community property interest in the policy
proceeds, Camilla prevented or delayed Alice=s receipt of the policy
proceeds.  One of the two compensatory
damage elements submitted in the jury charge was the difference between the
amount of policy proceeds Alice
would have received (i.e., without the interference) and that which she
was to actually receive.[6]  Because this portion of the tortious
interference claim: (1) was directed at rectifying an alleged denial of
benefits due under the policy; (2) sought to decide the claim based on state
(tort) law rather than the terms of the plan or ERISA; and (3) sought state law
compensatory and exemplary damage remedies against Camilla that are not provided
by ERISA, this claim was preempted by ERISA, and the trial court had no
jurisdiction to determine it.  Therefore,
we sustain Camilla=s challenge to this portion of the compensatory tortious
interference award and the entire exemplary tortious interference award based
on preemption.

Funeral
Expenses

The second element of compensatory
damage submitted in the jury charge for tortious interference was the amount of
burial expenses Alice would have to pay the funeral home out of the proceeds of
the policy (because she had made an assignment of the proceeds to do so). The
sole basis for this claim was the allegation that Camilla had promised to pay
this expense, but had not done so. 
Because this damage element was not to recover or replace benefits under
the plan and because it was based on the violation of a legal duty independent
of ERISA, it is not preempted by ERISA.

However, Camilla=s fourth issue challenges the
sufficiency of the evidence to prove that any loss Alice might have suffered in this regard was
caused by Camilla=s alleged interference with the policy.  Alice has
cited, and we have found, no evidence making any causal connection between
Camilla=s assertion of community property or
other rights in the policy and Alice=s obligation to pay the burial
expenses.  Therefore, we sustain Camilla=s legal sufficiency challenge to this
element of damage.

Attorney=s Fees








Camilla=s sixth issue contends that Alice was
not entitled to recover attorney=s fees as a matter of law because
attorney=s fees are not recoverable on tort
claims generally or under ERISA[7]
because: (1) there is no relationship between Alice=s tort claim and furtherance of ERISA
policy; and (2) this case did not meet the criteria for recovery under section
1132(g).

However, Camilla fails to demonstrate
that the attorney=s fees were awarded in conjunction with the tort recovery,
rather than the award of benefits from the partial summary judgment.  To the extent the attorney=s fees pertained to the award of
policy proceeds (pursuant to ERISA), there is no requirement of a relationship
between Alice=s tort claim (which we have concluded
is preempted) and furtherance of ERISA policy. 
Moreover, Camilla=s conclusory contention that the case failed to meet the
criteria for an award of attorney=s fees under ERISA is wholly
unsupported by analysis, citations to the evidence, or otherwise to demonstrate
a legal or factual insufficiency of the evidence to support the award.  Therefore, Camilla=s sixth issue is without merit and is
overruled.

Partial Summary Judgment

Camilla=s eighth issue challenges the partial
summary judgment (awarding Alice
the policy proceeds) on the ground that it was granted over her objections to
the hearsay affidavit of Andrew Haynes and other inadmissible evidence.  However, Camilla=s brief fails to specify which
portions of Andrew Haynes=s affidavit were hearsay, why those portions were hearsay,
and how those portions were essential to the trial court=s summary judgment decision.  See Tex.
R. App. P. 38.1(h).[8]  Under these circumstances, Camilla=s eighth issue affords no basis for
relief and is overruled.








Accordingly, we: (1) reverse the
portion of the trial court=s judgment awarding actual damages (other than funeral
expenses) and punitive damages for tortious interference and order that claim
dismissed for lack of jurisdiction; (2) reverse the judgment to the extent any
remaining damages awarded for tortious interference were for funeral expenses
and render judgment that Alice take nothing on that claim; and (3) affirm the
remainder of the judgment.

 

/s/        Richard
H. Edelman

Justice

 

Judgment rendered and Opinion filed
September 15, 2005.

Panel consists of Justices Yates,
Edelman, and Guzman.

 











[1]           Because
the seventh issue is largely dispositive of the appeal, we address it first.





[2]           See
29 U.S.C.A. '' 1001-1461 (West 1999 & Supp. 2005).





[3]           Cathey
v. Metro. Life Ins. Co., 805 S.W.2d 387, 390-91 (Tex. 1991).





[4]           See
also Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 145 (1990) (holding
that an employee=s claim for wrongful discharge based on the employer=s desire to avoid contributing to, or paying benefits
under, the employee=s pension fund is preempted by ERISA, even though the
claims are asserted under tort theories (not ERISA) and seek damages only in
the form of lost wages, mental anguish, and punitive damages (not benefits
under the plan)); Cathey, 805 S.W.2d at 391-92 (holding that causes of
action asserted under the Texas Insurance Code and Deceptive Trade Practices
Act were preempted by ERISA because they sought remedies that were not provided
by ERISA=s civil enforcement provisions for benefits that were
denied pursuant to the terms of their ERISA plan).





[5]           Camilla
does not assert preemption to challenge the law applied to this claim.





[6]           This
consisted of a $2000 payment Alice
made to Met Life to settle its counterclaims against her in this suit.





[7]           See
29 U.S.C.A. ' 1132(g) (West 1999) (giving trial court discretion to
award reasonable attorney=s fees and costs to either party in any action by a
participant, beneficiary, or fiduciary under subchapter I of ERISA). 





[8]           Although
Camilla=s brief refers to the objections she filed to Haynes=s affidavit, those objections refer globally to five
entire paragraphs of the affidavit and merely assert in a conclusory manner
that the testimony in those paragraphs is hearsay and fail to include facts
showing Haynes=s competence to offer the evidence and establish the
proper predicate for the testimony.  In
addition, the objections assume reliance on the affidavit because it is the
only summary judgment evidence offered despite that the policy terms are
undisputed.