**Marie KUHN et al.**

v.

**PHILADELPHIA ELECTRIC COMPANY.**

**Civ. A. No. 77–1107.**

United States District Court, E. D. Pennsylvania.

Dec. 18, 1979.

Alice W. Ballard, Herbert B. Newberg, Philip S. Fuoco, Philadelphia, Pa., for intervenors-plaintiffs.

Robert W. Maris, John F. Smith, III, Hope A. Comisky, Dilworth, Paxson, Kalish & Levy, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

On March 28, 1977, plaintiffs instituted this action alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* It was subsequently determined that the suit could be maintained as a class action. *See Kuhn v. Philadelphia Electric Co.,* 80 F.R.D. 681 (E.D.Pa.1978). Plaintiffs later moved to amend their complaint to add a claim based on the Equal Pay Act, 29 U.S.C. § 206(d), in regard to the Customer Services Department. That motion was granted approximately six months ago. *See Kuhn v. Philadelphia Electric Co.,* 475 F.Supp. 324 (E.D.Pa.1979).

Since that time counsel have diligently prepared this complex case, involving novel questions about the interrelationship of Title VII and the Equal Pay Act, for trial. Pretrial order number three, issued July 31, 1979, stated that discovery in this action was closed. The parties have submitted detailed stipulations of uncontested facts, proposed findings of fact, conclusions of law, and trial briefs. On September 25, 1979, one week after the date established by pretrial order number three for their submission of proposed findings of fact, conclusions of law, and a trial brief—and less than a month before defendant was required to submit similar documents—plaintiffs moved again to amend their complaint. The pro-

posed amendment would add an additional Equal Pay Act claim involving the Finance and Accounting Department at PECO.

In the absence of factors such as bad faith, undue delay, dilatory motive, or undue prejudice to the opposing party, leave to amend should be freely given. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The liberal policy toward amendment embodied in Federal Rule of Civil Procedure 15(a) led us to grant plaintiffs' first motion to amend. However, amendment is not proper in all cases. For example, "if the court determines that the proposed amendment would result in defendant being put to added expense and the burden of a more complicated and lengthy trial . . . leave to amend may well be denied." 6 Wright & Miller, *Federal Practice & Procedure* § 1487, at 429–30 (1971) (footnote omitted). We believe that plaintiffs' current motion to amend must be denied.

As stated earlier, discovery in this case has long been completed. Moreover, defendants have expended considerable time and effort in preparing their voluminous pretrial filings on the assumption that the issues for trial had been identified. Although the case in its current posture already contains one Equal Pay Act claim, permitting amendment to add an additional claim for another department would require defendants to prepare to meet the claims of an unidentified number of persons who may file consents to become parties to that claim. Additional discovery would no doubt be required, and significant changes to the proposed findings of fact and conclusions of law would be necessary. In a case of more modest proportions, last minute changes of this nature might not constitute sufficient prejudice to defendants to deny the motion to amend. In a case of this complexity, however, we believe that the prejudice that amendment would create would be undue at this state of the proceedings. The action is now prepared for trial. Although we do not believe that plaintiffs have been pur-

posely dilatory, we believe that on the facts of this case, in which plaintiffs were aware at least as early as March, 1979, of the possibility of Equal Pay Act claims, the current motion comes at a time that will disadvantage defendant. Furthermore, it is clear that permitting the current motion to amend will result in a lengthier and more complicated trial. The parties currently estimate that the trial of this action may take from two to four months; the Equal Pay Act claim is to be tried to a jury. In view of these facts, we believe that it is undesirable at this time to create a lengthier and more complicated trial. Plaintiffs' motion to amend the complaint shall therefore be denied.

Defendant has moved to establish a final date for the filing of valid consents for persons desiring to become parties to the Equal Pay Act claim.[1] Plaintiffs agree that it is proper to establish a deadline for filing consents, but they object to the dates suggested by defendant. Defendant's motion, filed November 30, 1979, proposed that the deadline for filing consents be set retroactively at September 17, 1979, the date on which plaintiffs were required by pretrial order number three to submit, *inter alia*, their proposed findings of fact and list of trial witnesses. Alternatively, defendant suggested the deadline be set at October 31, 1979, the date of the most recent pretrial conference.

Both common sense and considerations of due process dictate that defendant be notified a reasonable amount of time before trial of the identity of persons whose claims it must be prepared to defend against. These factors have caused many courts to establish deadlines for the filing of consents in analogous cases. *See, e. g., Roshto v. Chrysler Corp.*, 67 F.R.D. 28 (E.D. La.1975). However, defendant has directed us to no case in which the deadline was established retroactively. We believe that consideration for the interests of potential claimants requires us to set the deadline at

1. Because of our disposition of plaintiffs' motion to amend, the deadline applies only to claims involving the Customer Service Department.

a reasonable date in the future. We shall therefore set the deadline for filing consents for the Equal Pay Act claim at 5:00 P.M., January 4, 1980.