**MIDWEST PIPE FABRICATORS, INC.,**
**a Nebraska corporation, Plaintiff,**

v.

**DAVIS SPECIALTIES, INC., a New York**
**corporation, Defendant.**

No. CV 80–1224.

United States District Court,
E. D. New York.

Sept. 4, 1981.

Delson & Gordon, New York City, for plaintiff.

Kenyon & Kenyon, by John A. Fogarty, Jr., New York City, for defendant.

## MEMORANDUM AND ORDER

GEORGE C. PRATT, District Judge:

By motion filed July 29, 1981, the plaintiff Midwest Pipe Fabricators, Inc., moves pursuant to Rule 12(f) of the Federal Rules of Civil Procedure for an order striking paragraphs 30, 31, 34, 46, 47, and 60–68 of defendant's answer and counterclaims. Plaintiff contends that the allegations in paragraphs 30, 31, 34, 46, and 47 raise issues which were not pleaded in defendant's original answer and which do not relate to the issues raised by Count II of plaintiff's supplemental complaint and that paragraphs 60–68 relate to a compulsory counterclaim which should have been pleaded when defendant filed its original answer.

Plaintiff's original complaint charged defendant with patent infringement. Defendant's answer denied these allegations and counterclaimed that the patent was not infringed and was invalid. Plaintiff later filed what it designated as an amended complaint, and it is defendant's answer to this complaint which is the subject of this motion.

With respect to paragraphs 30, 31, 34, 46, and 47, plaintiff argues that these counterclaims arise out of the transaction or occurrence of the subject matter of the plaintiff's claims and therefore are compulsory counterclaims under FRCP 13(a) which would have been pleaded within the time for answering the original complaint.

■ If a counterclaim is omitted, FRCP 13(f) allows the defendant to plead the counterclaim only if it was omitted "through oversight, inadvertence, or excusable neglect, or when justice requires." The addition of an omitted counterclaim is within the court's discretion and is generally permitted if it will not prejudice the plaintiffs or entail additional discovery which might delay the trial. *Spartan Grain & Mill Company v. Ayers*, 517 F.2d 214, 220 (5th Cir. 1975). Plaintiff has not shown that these paragraphs will in any way prejudice plaintiff. As defendant points out they do little more than flesh out the allegations of the original answers and counterclaim, and will not significantly extend the time needed for discovery. Plaintiff's motion to strike paragraphs 30, 31, 34, 46, and 47 is denied.

■ Paragraphs 60–68 of defendant's amended answer and counterclaim allege an antitrust violation by plaintiff, an allegation which did not appear in the original answer. Defendant argues that the paragraphs merely apply an additional legal theory to factual allegations contained in paragraphs 21 and 22 of the original answer and that this legal theory was developed due to information obtained during the course of discovery. Defendant's memo in opposition at 2 and 3. The defendant contends that judicial efficiency and fairness require that the disputed paragraphs be allowed to remain to enable all the issues concerning this litigation to be tried at once. Plaintiff argues it will be unduly prejudiced by the addition of such a complex issue and that it will delay completion of discovery and the trial. Plaintiff does not mention any specific reason why discovery will be delayed because of this counterclaim.

Admittedly, the addition of an antitrust counterclaim may add complexity to this litigation. However, defendant contends that no new facts are necessary for trial on this issue but that rather the disputed paragraphs allege a new legal theory. Since plaintiff did not demonstrate that the addition of this legal theory applied to the facts alleged in the original complaint or those obtained in discovery will delay the end of discovery or the start of trial, the court, pursuant to FRCP 13(f) will allow the disputed paragraphs to stand. Plaintiff's motion to strike is denied.

The pretrial schedule established previously remains in effect. Discovery shall be concluded by October 1, 1981; plaintiff's proposed pretrial order shall be submitted by November 1, 1981; defendant's additional schedules for the pretrial order shall be submitted by December 1, 1981, and a pretrial conference shall be held on December 22, 1981, at 9:00 a. m. The trial will take place in January 1982.

SO ORDERED.