### OY TILGMANN, AB

v.

### SPORT PUBLISHING INTERNATIONAL, INC., et al.

### Civ. A. No. 84–4017.

United States District Court, E.D. Pennsylvania.

March 10, 1986.

---

John P. Kopesky, Philadelphia, Pa., for plaintiff.

Alan E. Kear, Philadelphia, Pa., John H. Kazanjian, New York City, for defendants—Sports Pub. Int., Inc. & Charles B. Simon & Famous Artists Studio.

Alan M. Feldman, Philadelphia, Pa., for defendant—Intern. Sports Pub., Inc.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Presently before the court is the plaintiff's motion for an order striking certain allegations of the defendants' Answer to Amended Complaint, Affirmative Defenses and Counterclaims ("Answer to Amended Complaint"). The defendants contest the plaintiff's motion, and in the alternative, move for an order granting leave to file an answer to the plaintiffs' Amended Complaint. The underlying suit brought by the plaintiff, Oy Tilgmann, AB ("Tilgmann") against the defendants, Sport Publishing International, Inc., et al. ("SPI") alleges fraud, misrepresentation, breach of contract, and breach of warranty originating from a failed business transaction involving the exclusive right to market a book to the Nordic countries on the XXIIIrd Olympiad. The defendants have counterclaimed, alleging breach of contract, business defamation, and tortious interference with economic relationship.

The plaintiff's motion requests that the statements which deny Charles Simon is a defendant and which assert new allegations be stricken from the defendants' Answer to Amended Complaint. For the following reasons, the plaintiff's motion shall be granted.

## I. *Charles Simon*

The defendants "deny that Charles B. Simon is a defendant, having been dismissed as such by the Order of the Honorable James McGirr Kelly dated September 6, 1985, pursuant to Motion for Summary Judgment." (Answer to Amended Complaint, ¶ 5.) In fact, the September 6th Order granted defendant Charles Simon's motion for summary judgment as to Counts III and IV, and further, specified only that Mr. Simon "is not liable for any breach of contract or breach of express or implied warranties." Thus, Mr. Simon remains a defendant with respect to Counts I (negligent misrepresentation) and II (fraud) of the complaint. The plaintiff's motion shall be granted to the extent that the portion of ¶ 5 which denies Charles B. Simon is a defendant shall be stricken. The defendants' motion in the alternative need not be considered with respect to this issue.

## II. *New Allegations*

By an order dated November 8, 1984 discovery in this matter was to be completed by April 1, 1985. During discovery, the parties exchanged a substantial amount of documentary information, filed and answered interrogatories, and took the depositions of nine individuals, five of whom are residents of Finland.

On March 14, 1985, Tilgmann filed a motion to add party defendant, seeking leave to file an amended complaint to add International Sports Publications, Inc. (ISP) as a defendant in this action. On April 23, 1985, defendants filed a motion for partial summary judgment. Tilgmann filed its own motion for partial summary judgment on May 8, 1985. All three motions were argued on June 4, 1985, and by its Memoran-

dum and Order dated September 6, 1985, the court decided the issues raised therein.

In the Memorandum and Order, Tilgmann's motion to add ISP as a party defendant was granted. On September 14, 1985, Tilgmann filed its amended complaint. It differed substantively from the original complaint in only one respect. A new paragraph [¶ 6a] was added in which the new defendant, ISP, was named and described.

On October 17, 1985, defendants SPI, FAS and Simon filed their answer to amended complaint, affirmative defenses and counterclaims. The answer contained new and additional allegations in nearly every paragraph, as well as eight new affirmative defenses. The defendants did not seek leave of court or consent of the plaintiff to file this amended pleading.

The plaintiff asserts that, with the exception of ¶ 6a, none of the changes or additions were necessitated by the new language in Tilgmann's amended complaint. The plaintiff seeks the deletion of the new allegations which it believes will cause it prejudice by necessitating additional discovery and expense and by causing undue delay in the trial of the matter. As support for its motion, the plaintiff argues that the defendants' pleading constitutes an amended pleading, and thus, was filed in violation of Fed.R.Civ.P. 15(a) because leave of court was not obtained. The defendants respond by claiming the pleading at issue is an answer to amended complaint, and not an amended answer, and that the factual allegations and affirmative defenses which the plaintiff seeks to delete contain no surprises and are consistent with prior pleadings.

■ First, I find that the pleading at issue constitutes an amended answer, filed without leave of court. The plaintiff's amended complaint added only one new paragraph [¶ 6a], which named ISP as a defendant. Therefore, that was the only paragraph to which there should necessarily have been a new or additional response by these defendants. The defendants, however, did not limit their new response

to ¶ 6a. They added some ten pages of additional allegations, including changes or additions to nearly every paragraph of its original answer, and added eight new affirmative defenses. Because the defendants were not responding for the first time to new issues raised in the plaintiff's amended peading, the substantially altered document is an amended pleading under the rules.

■ The amendment of pleadings is governed generally by Fed.R.Civ.P. 15(a), which states:

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires....

The defendants were required to obtain leave of court or the written consent of the plaintiff to file this document. Since neither leave nor consent was obtained, this pleading was filed in violation of the Federal Rules of Civil Procedure.

■ Second, I find that the amended answer will cause prejudice by necessitating additional discovery and expense and by further delaying the trial of the matter.

This case was initiated more than 14 months ago, and at this point, nine depositions have been taken, numerous documents have been exchanged, interrogatories have been filed and answered, cross-motions for summary judgment have been heard and decided, and the discovery period was ordered closed as of April 1, 1985. I believe the plaintiff will suffer prejudice if the defendants' new allegations are allowed to remain in their amended answer. If plaintiff is foreclosed from obtaining crucial discovery because the discovery cut-off date has passed, it could not adequately defend itself on these issues at trial. Even

if this court were to re-open discovery, the plaintiff would be required to repeat discovery at considerable time and expense. Depositions might have to be retaken, many of them involving witnesses who live outside the United States. The defendants may also have in mind additional, possibly repetitious discovery. Furthermore, Tilgmann has a strong interest in resolving this case as soon as possible and would be prejudiced by a substantial delay.

Third, I find that the circumstances warrant that the new allegations and defenses be stricken from the defendants' pleading. Fed.R.Civ.P. 12(f) states:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter.

Courts have indicated that granting a motion to strike in circumstances such as these is appropriate, assuming that prejudice to the moving party is demonstrated. *See Midwest Pipe Fabricators, Inc. v. Davis Specialties, Inc.*, 92 F.R.D. 380 (E.D.N.Y.1981); *Georgia Power Project v. Georgia Power Co.*, 409 F.Supp. 332 (N.D.Ga. 1975).

■ Finally, I find no reason for employing judicial discretion to either deny the motion to strike or grant the defendants "Motion in the alternative for leave to file an amended answer."[1] Although Fed.R.Civ.P. 15(a) requires leave to be freely given "when justice so requires", the defendants have not offered any substantive justification for their motion. The defendants simply claim the new allegations and defenses "contain no surprises" and were "revealed in discovery", though they do not allege when the defenses and allegations were revealed, nor by what means they were discovered. Regardless, the important fact is that prior to the filing of the defendants' Answer to Amended Complaint, Tilgmann was not aware that the new allegations and defenses would be asserted against it. Therefore, it did not elicit facts to counter them during the discovery process which has long since ended. Now, after discovery has been closed, it would be prejudicial and unfair to allow the defendants to use the new assertions. Further, because the defendants have failed to justify their late addition of the defenses and allegations, their motion for leave to file an answer to amended complaint shall be denied.

---

1. As the plaintiff has noted in its memoranda of December 6, 1985, the defendants' motion is procedurally deficient in several respects. First, the documents filed with the court do not include an actual "motion" for leave to amend. It is not combined with defendants' "Reply to Motion to Strike," and it is not, in fact, even mentioned therein. There is also no proposed order granting this motion, and the memorandum contains no section of argument pertaining to this motion.