**REHABILITATION INSTITUTE OF PITTSBURGH, Plaintiff,**

v.

**EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES, Defendant.**

**Civ. A. No. 86–325.**

United States District Court, W.D. Pennsylvania.

May 14, 1990.

Frederick J. Francis, Pittsburgh, Pa., for plaintiff.

Joseph G. Williams, Jr., New York City, Frederic E. Orlansky, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

COHILL, Chief Judge.

Presently before the Court is defendant Equitable Life Assurance Society of the United States' ("Equitable's") appeal of Magistrate Robert C. Mitchell's Order denying Equitable's motion for leave to amend its answer to add an affirmative defense. Equitable wishes to allege that the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA") preempts plaintiff Rehabilitation Institute of Pittsburgh's ("the Institute's") state law causes of action. Magistrate Mitchell, after initially granting the motion, denied it upon reconsideration. The magistrate gave the following reasons for denying the motion: 1) suit was commenced four years ago; 2) defendant filed the original answer two years ago; and 3) discovery closed three months ago. In addition, the magistrate stated that defendant had been dilatory and did not show good cause for the amendment.

Plaintiff filed this action on February 12, 1986 for breach of an insurance contract related to medical rehabilitation services. On March 11, 1986, after Equitable failed to answer the complaint, the Court entered a default judgment against Equitable. On Equitable's motion, the Court opened the default judgment on March 28, 1986.

Equitable filed a proposed answer on April 4, 1986, setting forth ten state law defenses.[1] The Court set aside the default judgment on March 1, 1988. On March 17, 1988, Equitable filed its answer, setting forth the same ten defenses. Equitable did not plead ERISA preemption either in its proposed answer or in its answer.

Discovery closed on November 13, 1989, after which Equitable moved for partial summary judgment on plaintiff's plea for punitive damages. In support of its motion, Equitable asserted that ERISA barred a claim for punitive damages arising out of the denial of a claim for benefits under the contract at issue. The Institute responded, contending that Equitable had waived its right to assert ERISA preemption by failing to plead the defense in its March 17, 1988 answer.

On February 1, 1990 the Institute filed its pretrial statement. Not until February 5, 1990 did Equitable propose pleading ERISA preemption in the following "Eleventh Affirmative Defense:"

> 23. Plaintiff's Complaint and each alleged claim therein is pre-empted and governed exclusively by federal law pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sections 1001, *et seq.*

On February 28, 1990, after receiving plaintiff's objections, Magistrate Mitchell vacated his February 27, 1990 Order granting leave to amend and ordered that the motion for leave to amend answer and affirmative defenses be denied. On April 3, 1990, the magistrate recommended that Equitable's partial summary judgment motion be denied.

For the following reasons we will affirm Magistrate Mitchell's February 28, 1990 Order denying the motion for leave to amend.

■■■ In its Notice of Appeal of the February 28, 1990 Order, Equitable states that "[c]hoice of law is not one of the ennumerated Affirmative Defenses under Federal Rule of Civil Procedure 8(c) which is required to be set forth."

We agree that choice of law, or, more to the point, federal preemption, is not among the nineteen affirmative defenses listed in Rule 8(c). However, that list is not intended to be exhaustive. 5 C. Wright & A. Miller, *Federal Practice and Procedure*

---

**1.** It is not usual to file a "proposed answer" in this Court. However, we are not called upon to address its legal effect. We merely note that defendant stated in an attached cover sheet, "If

this Honorable Court grants Equitable's Motion to Set Aside Default Judgment, it would file the Answer attached hereto and incorporated herein."

§ 1271 (1969). Rule 8(c) provides that "any other matter constituting an avoidance or affirmative defense" shall be set forth. A prudent pleader, to avoid waiving an otherwise valid defense, will exercise caution, thus pleading matter that technically may not be labelled an affirmative defense. *Id.*

In its Notice of Appeal, Equitable states that until Judge Standish of this court issued his Opinion in *Penn Central Nat'l Bank v. Connecticut General Life Ins. Co.*, C.A. No. 86–2694 (W.D.Pa. January 10, 1990), defendant could rely on no opinion in this jurisdiction for guidance in pleading preemption as an affirmative defense.

This statement is disingenuous at best. Judge Standish relied on precedent from the United States Supreme Court as well as on cases from two courts of appeals in reaching his decision.

In *Int'l Longshoremen's Ass'n. v. Davis*, 476 U.S. 380, 106 S.Ct. 1904, 90 L.Ed.2d 389 (1986), in the context of the National Labor Relations Act, the Supreme Court considered whether preemption is a waivable affirmative defense or whether preemption is a nonwaivable foreclosure of jurisdiction. In *Davis*, the Court concluded that if Congress had placed the particular issue within the primary and exclusive jurisdiction of the National Labor Relations Board, preemption applied and state subject matter jurisdiction was extinguished. Thus, when preemption involves a choice of forum rather than a choice of law it is nonwaivable.

In *Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1497 (9th Cir.1986), the court of appeals discussed *Davis* and extracted the following rule: "a preemption argument that affects the choice of forum rather than the choice of law is not waivable;" since it is jurisdictional, it can be raised at any point in the litigation. However, in *Gilchrist*, before the preemption issue was raised, the district court properly had subject matter jurisdiction over the state law claim. The court ruled that a preemption claim implicating only a choice of law is waived if not timely raised. *Id.*

Judge Standish also relied on *Dueringer v. General American Life Ins. Co.*, 842

F.2d 127, 129 (5th Cir.1988). In that case the defendant maintained that *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), required the application of the preemption doctrine to a state common law action that could be characterized as an ERISA case. However, the plaintiff had filed in the district court where jurisdiction was appropriate. The court held that preemption clearly involved a choice of law question that should have been asserted in the answer as an affirmative defense. Therefore, the court concluded that the defendant could not claim on appeal the defense it had failed to raise in a timely manner.

In *Matter of HECI Exploration Co., Inc.*, 862 F.2d 513, 521 (5th Cir.1988), the Court of Appeals for the Fifth Circuit reiterated its conclusion in *Dueringer*, stating that a party, "under some circumstances, [may] waive the application of federal law to a federally preempted state law claim by failing to raise federal law in a timely fashion."

These cases reveal that law on which this Court would rely was available to Equitable at the time it formulated its answer, or in the instance of *Dueringer*, approximately one month thereafter. Thus, although *Penn Central Nat'l Bank* provided a clincher case for Equitable, we cannot say that in the exercise of caution, defendant was not on notice to plead preemption as an affirmative defense.

We also note two cases decided before the answer was filed in this case in which Equitable utilized ERISA preemption to remove cases from state courts. *See Shiffler v. Equitable Life Assur. Soc. of the United States*, 838 F.2d 78 (3d Cir.1988), decided January 26, 1988; *Roberson v. Equitable Life Assur. Soc. of the United States*, 661 F.Supp. 416 (C.D.Cal.1987). We credit Equitable with the sophistication to recognize appropriate ERISA applications.

Having determined that ERISA preemption is a waivable affirmative defense in this case, we now turn to the timeliness of defendant's proposed amendment. Rule 15(a), Federal Rules of Civil Procedure,

governs amendments to pleadings, enabling a party to assert matters that were overlooked or were unknown at the time the original pleading was filed. 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1473 (1990).

Although leave to amend "shall be freely given when justice so requires," the Court will consider the effect the request will have on both parties. *Id.* at § 1487. For example, "if the amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation, the court may deem it prejudicial." *Id.* A court may withhold leave to amend if the moving party knew the facts on which a defense was based at the time of the original pleading and no excuse exists for the failure to plead them. *Id.* The court should be particularly chary of amendment when the moving party's failure to plead a defense originally puts the opposing party to the added burden of further discovery, preparation and expense, prejudicing the nonmoving party's right to a speedy and inexpensive trial on the merits. *Id.* at § 1488; *see also Oy Tilgmann, AB v. Sport Publishing Int'l., Inc.,* 110 F.R.D. 68, 70 (E.D.Pa.1986).

The Institute asserts that it will be substantially prejudiced if the Court grants leave to amend. This case, filed more than four years ago, was premised on diversity jurisdiction. The focus of discovery has involved the construction of an insurance contract under applicable state law. More than seventeen depositions have been taken, some of them in California and New York. Plaintiff asserts that, if defendant were permitted to plead ERISA preemption at this late date, additional discovery would be required for the ERISA issues that are distinct from the contract issues.

Plaintiff also persuades us that if defendant were to recharacterize this case as one under ERISA, the focus of the litigation would change from the construction of a contract to "an examination of the procedures and motivations in [a] claim review/decision situation" under an ERISA

arbitrary and capricious standard of review. Plaintiff's response at 9. We believe it unfair to transform plaintiff's case into one entirely different after the parties have been zealously litigating this contract dispute for four years.

Moreover, although we are charged with considering prejudice to defendant in denying the motion, Equitable has not alerted us to any particular prejudice. In its Notice of Appeal, Equitable merely asserts the following:

8. Defendant will be severely prejudiced in the preparation of its case and the trial of this matter if an amendment is not allowed permitting the application of ERISA to the matters at hand.

Based on this conclusory statement, we find no foundation for a finding of prejudice to Equitable.

Equitable correctly states that this case has not yet been listed for trial. However, as one of our longest running civil cases, this action stands at the forefront of our projected trial assignments. We now consider this case ready for trial and will list it as soon as we can clear the decks of our pressing criminal docket.