Natalie **JOHNSTON** and Kathy Starke

v.

**CITY OF PHILADELPHIA.**

Civ. A. No. 93–CV–5082.

United States District Court,
E.D. Pennsylvania.

Oct. 27, 1994.

See also, 863 F.Supp. 231.

Julie Ann Eidman and Arsen Kashkashian, Jr., Kashkashian & Associates, Bristol, PA, for plaintiffs.

E. Jane Hix, Deputy City Sol., City of Philadelphia Law Dept., Philadelphia, PA, for defendant.

## MEMORANDUM

JOYNER, District Judge.

Before us today is Plaintiffs' Motion for Leave to Amend Plaintiffs' Complaint. For the reasons set forth below, leave to amend is DENIED.

## PROCEDURAL HISTORY

In September, 1993, Plaintiffs filed this lawsuit against the City under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (1981), alleging that the City discriminates against women by the method it uses to hire recruits to be police cadets. Each Plaintiff received Right to Sue letters from the Equal Employment Opportunity Commission on the grounds of gender discrimination under Title VII.

In October, 1993, Plaintiffs amended their Complaint to allege additional facts.

This Court entered a scheduling order in November, 1993. In April, 1994, the scheduling order was amended to permit additional time for discovery. Under the new scheduling order, discovery was to be completed by May 4, 1994; and the case was set to enter the trial pool on June 14, 1994.

On May 27, 1994, the City filed a motion for summary judgment. This Court denied that motion on September 15, 1994. On September 29, 1994, the case was set to begin on October 3, 1994. The trial has been postponed pending resolution of this motion, filed September 26, 1994.

Plaintiffs seek leave to amend their amended complaint to add a charge of race discrimination under 42 U.S.C. § 1981. Plaintiffs do not, however, attach a copy of the proposed Amended Complaint to their

pleading.[1] The brief in support of their Motion is unhelpful in this respect because it exclusively addresses Title VII law, as if Plaintiffs planned to add a Title VII race claim instead of a § 1981 race claim.

## DISCUSSION

Federal Rule of Civil Procedure 15(b) states that after responsive pleadings have been filed a party may amend a pleading only by leave of court or with written consent of the opposing party. Here, the opposing party does not consent, and so Plaintiffs seek leave of this Court. Rule 15(b) instructs us that leave "shall be freely given when justice so requires."

■ Whether justice so requires is determined by the touchstone of prejudice to a party. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413–14 (3d Cir.1993); *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir.1978). The Supreme Court has held that leave should be granted unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

■ We do not find bad faith on the part of Plaintiffs. Rather, it appears that their Motion is prompted by our September 16, 1994 Order. That Order held in a footnote that because Plaintiffs had not pleaded facts to show the jurisdictional prerequisites for a race claim under Title VII, they were precluded from raising race issues in their opposition to summary judgment.

Courts in this Circuit have found undue prejudice in situations similar to this one. Here, discovery has closed, summary judgment motions have been ruled on, and the case is literally on the eve of trial.[2] *Berger v. Edgewater Steel*, 911 F.2d 911, 924 (3d Cir.

---

1. The Third Circuit has held that it is "better practice" to "attach with the motion a copy of a proposed amended complaint." *Centifanti v. Nix*, 865 F.2d 1422, 1431 n. 10 (3d Cir.1989).

2. When the case entered the trial pool in June, 1993 it was subject to a 24–hour call period. On September 29, 1994, the case was actually set for trial for October 3, 1994.

1990) (denied leave to amend when "allowing amendment would inject new issues into the case requiring extensive discovery," five months after discovery closed), *cert. denied*, 499 U.S. 920, 111 S.Ct. 1310, 113 L.Ed.2d 244 (1991); *Tilgmann v. Sport Publishing Int'l*, 110 F.R.D. 68, 70 (E.D.Pa.1986) ("amended answer will cause prejudice by necessitating additional discovery and expense and by further delaying the trial of the matter"); *Borough of Ellwood City v. PPC*, 570 F.Supp. 553, 556 (W.D.Pa.1983) (amendment "would cause defendant to suffer undue prejudice because it would cause discovery, now completed, to begin again"); *Kuhn v. PECO*, 85 F.R.D. 86, 88 (E.D.Pa.1979) (denied leave to amend when "discovery in this case has long been completed.... additional discovery would no doubt be required and significant changes to the proposed findings of fact and conclusions of law would be necessary").

In contrast, this Circuit has permitted amendments when there is no prejudice to the non-moving party. For example, when the amendment was to clarify the plaintiff's legal theory and provide specific facts concerning the discrimination, amendment was permitted. *Cuffy v. Getty Ref. & Mktg*, 648 F.Supp. 802 (D.Del.1986). Similarly, when the amendment only elaborated plaintiff's claim and added a request for punitive damages, there was no prejudice to defendants. *Strawhecker v. Laurel School Dist.*, 100 F.R.D. 7, 11 (W.D.Pa.1983).

Plaintiffs argue that adding a race claim to their gender claim simply cures a "technical defect" because they could have raised a race claim originally; therefore Defendants are not prejudiced. Plaintiffs claim that "new factual racial discrimination allegations have arisen," but do not explain what these are or when or how they arose. *See Tilgmann*, 110 F.R.D. at 71. Without an explanation, it is difficult to rule on this allegation, especially given the fact that Plaintiffs waited five months after discovery was completed to bring these new factual allegations to our, and Defendant's, attention. *Kuhn*, 85 F.R.D. at 88 (denied leave to amend when plaintiffs were aware of potential claims much earlier).

Defendants object to the characterization of the race claims as a technicality, and we agree. Plaintiffs seek to bring an entirely new area of law into this litigation. Race discrimination and gender discrimination are two very different things, requiring different showings, statistics, expert witnesses, and everything else that goes into a trial. Discovery in this case has been closed for over five months, the pretrial memorandum has been filed, and this case was actually called to trial. If we permitted Plaintiffs to add a race claim, discovery would have to be reopened, and possibly entirely redone. Likewise, adding the claim would result "in a lengthier and more complicated trial." *Kuhn*, 85 F.R.D. at 88.

We find that the City would be unduly prejudiced if it now had to defend itself against a race claim. Accordingly, we DENY Plaintiffs' Motion. We note that although Plaintiffs cannot add their race claim to this lawsuit, they are not prejudiced because they still have a viable gender claim against the City.