United States Court of Appeals United States Court of Appeals
For the First Circuit For the First Circuit


No. 95-1440

ALVAN H. WOLF,

Plaintiff, Appellee,

v.

RELIANCE STANDARD LIFE INSURANCE COMPANY,

Defendant, Appellant.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Charles B. Swartwood, III, U.S. Magistrate Judge]



Before

Torruella, Chief Judge, 
Stahl and Lynch, Circuit Judges. 



James A. Young with whom Michael J. Burns, Christie, Pabarue, 
Mortensen & Young, P.C. and Cheri L. Crow were on brief for appellant. 
William E. Bernstein with whom Barbara S. Liftman and Weinstein, 
Bernstein & Burwick, P.C. were on brief for appellee. 



December 11, 1995


STAHL, Circuit Judge. Plaintiff-appellee Alvan STAHL, Circuit Judge. 

Wolf prevailed in his jury-tried contract action against

defendant-appellant Reliance Standard Life Insurance Company

("Reliance") for denial of disability benefits. Reliance

appeals the trial court's ruling that ERISA preemption is an

affirmative defense which Reliance waived by failing to plead

it timely. We affirm.

I. I. 

BACKGROUND BACKGROUND 

We begin by reciting the facts in the light most

favorable to the verdict. See Aetna Cas. Sur. Co. v. P & B 

Autobody, 43 F.3d 1546, 1552 (1st Cir. 1994). 

Wolf founded Brookfield Factory Outlet, Inc.

("Brookfield"), a now-defunct chain of shoe stores. During

Brookfield's heyday, Wolf earned approximately $8,000 per

month as its President and Chief Executive Officer. In the

fall of 1988, he was diagnosed with severe depression,

apparently resulting from business and personal difficulties.

In the spring of 1989, Wolf experienced heart problems

requiring a brief hospitalization. Thereafter, Wolf

continued to work until April 24, 1989, when he suffered a

massive heart attack.

From the time of Wolf's depression diagnosis in

1988 until his heart attack in 1989, he actually drew only

$500 per week of his $8,000 per month salary due to

-2- 2

Brookfield's ongoing financial problems. There was

conflicting testimony at trial as to whether Wolf actually

was entitled to the unpaid remainder of his salary, which

Wolf asserted the company owed him as a debt payable.

The insurance policy under which Wolf sought

recovery took effect on February 1, 1985. The policy

provided a monthly benefit to a disabled employee equal to

sixty percent of "covered monthly earnings," defined as "the

insured's basic monthly salary received from [the employer]

on the day just before the date of total disability." In

September 1990, Wolf filed a claim for disability benefits.

Reliance denied the claim in May 1991, stating that Wolf had

neither proved that he was a full-time employee when he

became disabled nor that he was totally disabled, and that

Wolf was late giving notice of his claim.

In January 1992, Wolf, a Massachusetts citizen,

sued Reliance in Massachusetts state court alleging breach of

contract and unfair trade practices. Reliance, an Illinois

corporation with its principal place of business in

Pennsylvania, removed the suit, based on diversity, to the

United States District Court for the District of

Massachusetts. 28 U.S.C. 1441, 1332.

The parties consented to trial before U.S.

Magistrate Judge Charles B. Swartwood III. On October 25,

-3- 3

1994, one week before trial, Reliance filed several

motions,1 each asserting, for the first time, that Wolf's

state law claims were preempted by the Employee Retirement

Income Security Act of 1974 ("ERISA"). 29 U.S.C. 1001-

1461. The trial court denied the motions, ruling that ERISA

preemption was an affirmative defense which Reliance waived

by failing to plead it in a timely manner. The trial court

then denied Reliance leave to amend its pleadings, finding

undue delay by Reliance and significant prejudice to Wolf if,

on the eve of trial, Reliance were allowed to change the

entire legal basis for its opposition to Wolf's claim by its

introduction of an ERISA preemption defense.2

The breach of contract claim was tried to a jury

on November 2-4, 1994, resulting in a special verdict for

Wolf. The jury found that Wolf's basic monthly salary was

$8,000 per month on the day before he became totally

disabled. The trial court entered judgment for Reliance on

the unfair trade practices claim, and Wolf does not appeal

from that judgment. In December 1994, the trial court issued

a memorandum decision calculating Wolf's damages to be

 

1. Specifically, Reliance filed motions to dismiss for
failure to state a claim, to strike Wolf's jury trial demand,
and to apply an arbitrary and capricious standard of review.

2. The only previous indication of any possible ERISA
preemption argument in this litigation was an exchange of
letters dated May 31, 1991 and July 29, 1991 between Reliance
and Wolf's attorney, each making a single passing reference
to ERISA.

-4- 4

$196,606.72 plus interest and future payments.3 Reliance

then filed a renewed motion for judgment as a matter of law

and, alternatively, a motion for a new trial, and both were

denied. This appeal followed.

II. II. 

DISCUSSION DISCUSSION 

The principal issue before us is whether ERISA

preemption is jurisdictional, and thus may be raised at any

point in litigation, or an affirmative defense, waivable if

not pleaded timely. A related issue is whether the trial

court abused its discretion in denying Reliance leave to

amend its pleadings to add an ERISA preemption defense.

A. ERISA Preemption 

Whether ERISA preemption is jurisdictional or a

waivable affirmative defense is a pure question of law that

we review de novo. See Correa v. Hospital San Francisco, No. 

95-1167, 1995 WL 627505, at *6 (1st Cir. Oct. 31, 1995).

Reliance argues that because there is a "compelling

policy" in favor of application of federal ERISA law to this

claim, ERISA preemption is jurisdictional4 and therefore

 

3. The parties stipulated that if Reliance was found liable
to Wolf, the trial court would calculate the damages.

4. We note that although Reliance did not use the term
"jurisdictional," that is the thrust of its argument.

-5- 5

nonwaivable.5 The foundation of the argument is ERISA's

broad preemption provision: ERISA [with a few inapplicable

exceptions] "shall supersede any and all State laws insofar

as they may now or hereafter relate to any employee benefit

plan . . . . " 29 U.S.C. 1144(a). One of Congress's

intentions in enacting ERISA, as divined through legislative

history, was to encourage the growth of private employee

benefit plans by replacing diverse state laws with a

nationally uniform federal common law regulating employee

benefit plans.6 Treating ERISA preemption as non-

jurisdictional and therefore waivable would, so the argument

goes, frustrate that intent, subjecting employee benefit

plans to regulation and litigation under fifty non-uniform

bodies of state law. The costs of adapting to and litigating

under non-uniform state law and the potential for liability

and damages beyond that permitted under ERISA would deter

employers from enacting benefits plans. Thus, courts should

 

5. See Insurance Corp. of Ireland, Ltd. v. Compagnie des 
Bauxites de Guinee, 456 U.S. 694, 702 (1982) (explaining that 
subject matter jurisdiction is nonwaivable); see generally 
George Lee Flint, Jr., ERISA: Nonwaivability of Preemption, 
39 U. Kan. L. Rev. 297 (1991) (arguing that courts should
hold ERISA preemption nonwaivable).

6. ERISA's House sponsor, Representative Dent, described the
"reservation to Federal authority [of] the sole power to
regulate the field of employee benefit plans" as ERISA's
"crowning achievement." 120 Cong. Rec. 29197 (1974).
Senator Williams commented that ERISA's preemption will have
the effect of "eliminating the threat of conflicting or
inconsistent State and local regulation of employee benefit
plans." Id. at 29933. 

-6- 6

hold that ERISA preemption is jurisdictional and not

waivable, consistent with the congressional intent to create

and apply a uniform federal law regulating employee benefit

plans.

While the foregoing argument is not without merit,

it is precluded by precedent. The Supreme Court analyzed at

length the legislative history behind ERISA's preemption

provision in Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 44- 

46, 52-57 (1987), focusing on the civil enforcement scheme of

502(a) of ERISA (29 U.S.C. 1132(a)), under which a plan

participant can bring a suit for benefits due. The Court

concluded that Congress intended to create an exclusive

federal remedy, with a "pre-emptive force . . . modeled after

301" of the Labor Management Relations Act ("LMRA"), 29

U.S.C. 185. Pilot Life, 481 U.S. at 52. Accordingly, the 

Court held that ERISA preempts all state law causes of action

for benefits due under an ERISA plan. Id. at 57. Pilot Life 

did not present the question whether ERISA preemption was a

jurisdictional matter or a waivable defense, but the Supreme

Court made clear that courts deciding the scope of ERISA

preemption should look to LMRA preemption decisions for

guidance. Id. at 54-55. 

The Pilot Life decision explains that ERISA's 

preemption clause and civil enforcement scheme entirely

displaced state law causes of action for benefits claims

-7- 7

under ERISA plans. Id. at 55-57. If state law is 

"displaced," then arguably there is no subject matter

jurisdiction over a state law cause of action for benefits

due. Lack of subject matter jurisdiction is, of course, a

nonwaivable defense and may be raised at any time. Insurance 

Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 

456 U.S. 694, 702 (1982). That jurisdictional argument is

unavailing, however, because this Circuit has squarely held

that LMRA preemption is waivable. Sweeney v. Westvaco Co., 

926 F.2d 29, 40 (1st Cir.) (Breyer, C.J.), cert. denied, 502 

U.S. 899 (1991). Given that the Supreme Court in Pilot Life 

explicitly directed courts to treat ERISA preemption like

LMRA preemption, 481 U.S. 51-56, Judge (now Justice) Breyer's

analysis in Sweeney leads us to conclude that ERISA 

preemption is also waivable.

The rationale behind Sweeney's holding that LMRA 

preemption is waivable applies with equal force to ERISA

preemption. The Sweeney court began with an analysis of 

International Longshoremen's Ass'n v. Davis, 476 U.S. 380 

(1986), a National Labor Relations Act ("NLRA") preemption

case. See 29 U.S.C. 157, 158. In Davis, the Supreme 

Court held that NLRA preemption is jurisdictional, and

therefore nonwaivable, because NLRA preemption dictates the

choice of forum (i.e., whether a court or the National Labor 

Relations Board ("NLRB") has the power to hear the case) as

-8- 8

opposed to simply the choice of law (i.e., whether state or 

federal law applies). See id. at 398-99. Sweeney stressed 

that the Supreme Court itself carefully limited its holding

in Davis to 7 and 8 of the NLRA and not other statutes. 

Sweeney, 926 F.2d at 38. Those sections evidence a 

Congressional intent to "refuse[] to permit parties to submit

such a dispute to the courts even where the parties

themselves wished to do so." Id. at 38-39. In Sweeney, this 

court determined that LMRA preemption, unlike NLRA

preemption, "concerns what law a decision maker must apply, 

not what forum must decide the dispute." 926 F.2d at 39. 

Based on that premise, the panel in Sweeney applied the 

converse of the Davis rule, holding that LMRA preemption is 

waivable because it affects the choice of law, not the choice

of forum. Id. at 39-40. 

Like LMRA preemption, ERISA preemption in a

benefits-due action does not affect the choice of forum,

because ERISA's jurisdictional provision provides that "State

courts of competent jurisdiction and district courts of the

United States shall have concurrent jurisdiction of actions," 

29 U.S.C. 1132(e)(1) (emphasis added), "brought by a

participant or beneficiary to recover benefits due." 29

U.S.C. 1132(a)(1)(B). The plain language of 1132 tells

us that if a plaintiff brought a "benefits-due" action in

state court and the defendant pleaded ERISA preemption, this

-9- 9

would not deprive the court of jurisdiction over the subject

matter; rather, ERISA preemption in that situation would

dictate the applicable law. Preemption is, as Sweeney says, 

ultimately "a matter of Congressional intent, as embodied,

explicitly or implicitly, in a particular federal statute."

Sweeney, 926 F.2d at 38. In considering that intent, we are 

guided by a number of factors. It is instructive, though not

necessarily dispositive, that ERISA, like the statute in

Sweeney, is a choice of law rather than a choice of forum 

statute. We also believe that the interests in uniformity

which Congress hoped to serve in ERISA did not extend to

permitting defendant corporations, often more sophisticated

about ERISA than individual plaintiffs, to sit on their hands

and not claim the defense until the last minute. Cf. 

Williams v. Ashland Eng'g Co., Inc., 45 F.3d 588, 593 (1st 

Cir.) (emphasizing the importance of protecting against the

strategic use of a last minute ERISA preemption defense),

cert. denied, 116 S. Ct. (1995). That employers were meant 

to enjoy the benefits of uniformity did not mean they could

not forego those benefits.

Other courts, including the Fifth and Ninth

Circuits have held that ERISA preemption is waivable. See 

Dueringer v. General Am. Life Ins. Co., 842 F.2d 127, 130 

(5th Cir. 1988) (holding that ERISA preemption is waivable);

Gilchrist v. Jim Slemons Imports, Inc., 803 F.2d 1488, 1497 

-10- 10

(9th Cir. 1986) (same); Rehabilitation Inst. of Pittsburgh v. 

Equitable Life Assur. Soc'y, 131 F.R.D. 99, 101 (W.D. Pa. 

1990) (same), aff'd, 937 F.2d 598 (3d Cir. 1991). 

An apparent majority of state courts addressing the

question have reached the same conclusion. See Gorman v. 

Life Ins. Co. of N. Am., 811 S.W.2d 542, 546 (Tex.) (holding 

that ERISA preemption is waivable when it does not deprive a

state court of jurisdiction), cert. denied, 502 U.S. 824 

(1991); Curry v. Cincinnati Equitable Ins. Co., 834 S.W.2d 

701, 703 (Ky. Ct. App. 1992) (same); Hughes v. Blue Cross of 

N. Cal., 263 Cal. Rptr. 850, 861 (Cal. Ct. App. 1989) (same), 

cert. dismissed, 495 U.S. 944 (1990); Associates Inv. Co. v. 

Claeys, 533 N.E.2d 1248, 1251 (Ind. Ct. App. 1989). But see 

Chestnut-Adams Ltd. Partnership v. Bricklayers and Masons 

Trust Funds of Boston, Mass., 612 N.E.2d 236, 238 (Mass. 

1993) (holding that the preemption intended by Congress in

enacting ERISA is so broad as to make it jurisdictional and

therefore nonwaivable); Barry v. Dymo Graphic Sys., Inc., 478 

N.E.2d 707, 712 (Mass. 1985) (same).7

Accordingly, we hold that ERISA preemption in a

benefits-due action is waivable, not jurisdictional, because

 

7. We are, of course, not bound by the Massachusetts Supreme
Judicial Court's interpretation of a federal statute or the
Congressional intent behind it.

-11- 11

it concerns the choice of substantive law but does not

implicate the power of the forum to adjudicate the dispute.8

We now turn to the question whether ERISA

preemption must be pleaded as an affirmative defense.

Federal Rule of Civil Procedure 8(c) requires that a

responsive pleading set forth certain enumerated affirmative

defenses as well as "any other matter constituting an

avoidance or affirmative defense." Fed. R. Civ. P. 8(c); see 

generally 5 Charles A. Wright & Arthur R. Miller, Federal 

Practice and Procedure 1271 (1990). The First Circuit test 

for whether a given defense falls within the Rule 8(c)

"residuary" clause is whether the defense "shares the common

characteristic of a bar to the right of recovery even if the

general complaint were more or less admitted to." Jakobsen 

v. Mass. Port Auth., 520 F.2d 810, 813 (1st Cir. 1975). 

ERISA preemption shares this characteristic insofar as it

would bar Wolf from recovering on his state law contract

claim even if Reliance admitted Wolf's allegations.

Therefore we hold that ERISA preemption in a benefits-due

action is an affirmative defense and, as such, it is subject

to waiver if not timely pleaded.

 

8. Our holding is limited to ERISA preemption of benefits-
due actions. ERISA permits several other types of civil
actions (e.g., for injunctive relief, for breach of fiduciary
duty, etc.) subject to exclusive jurisdiction in the federal
courts rather than concurrent jurisdiction. See 29 U.S.C.  
1132(a)(1)(A), 1132(a)(2)-(6), 1132(e)(1).

-12- 12

Several courts, including this Circuit in dictum, 

have held that ERISA preemption in benefits-due actions must

be pleaded timely as an affirmative defense. See Williams v. 

Ashland Eng'g Co., Inc., 45 F.3d 588, 593 & n.7 (1st Cir.) 

(stating, in dictum, that ERISA preemption is an affirmative 

defense, but finding no waiver when pleaded six months before

summary judgment), cert. denied, 116 S. Ct. 51 (1995); 

Dueringer, 842 F.2d at 129-130 (5th Cir. 1988) (holding that 

ERISA preemption must be pleaded as an affirmative defense);

Rehabilitation Inst., 131 F.R.D. at 100-01 (W.D. Pa. 1990) 

(same), aff'd, 937 F.2d 598 (3d Cir. 1991); Gorman, 811 

S.W.2d at 546 (Tex. 1991) (same); Curry, 834 S.W.3d at 703 

(Ky. Ct. App. 1992) (same); but see Chestnut-Adams, 612 

N.E.2d at 238 (Mass. 1993) (holding that ERISA preemption is

jurisdictional and therefore not waivable).

B. Amendment of the Pleadings 

Having concluded that ERISA preemption is an

affirmative defense, it follows that the trial court

correctly treated Reliance's attempt to raise ERISA

preemption as a motion seeking leave to amend the

pleadings.9 We now address whether the trial court abused

its discretion in denying Reliance leave to amend.

 

9. At oral argument on the eleventh-hour motions, Reliance
conceded the true goal of the motions: "It's not to dismiss
the complaint per se, it's just to substitute ERISA for the 
breach of contract under state law."

-13- 13

Whether or not to grant leave to amend the

pleadings is within the discretion of the trial court and the

court's decision will be reversed only upon a showing of

abuse of that discretion. Manzoli v. Commissioner, 904 F.2d 

101, 107 (1st Cir. 1990).

Failure to plead an affirmative defense generally

results in waiver of the defense and its exclusion from the

case. Conjugal Partnership v. Conjugal Partnership, 22 F.3d 

391, 400 (1st Cir. 1994). An affirmative defense must be

pleaded in the answer in order to give the opposing party

notice of the defense and a chance to develop evidence and

offer arguments to controvert the defense. Knapp Shoes, Inc. 

v. Sylvania Shoe Mfg. Corp., 15 F.3d 1222, 1226 (1st Cir. 

1994).

Reliance conceded at oral argument that ERISA

preemption was an affirmative defense. It argued, however,

that having raised in its answer a broad "failure to state a

claim upon which relief may be granted" defense, see Fed. R. 

Civ. P. 12(b)(6), this defense allowed it to later, a week

before trial, raise the specific defense of ERISA preemption.

Cf. Williams, 45 F.3d at 593. In Williams, this court 

enunciated a test to determine when a general, non-specific

defense of failure to state a claim, see Fed. R. Civ. P. 

12(b)(6), as Reliance originally filed, is sufficient to

preserve the affirmative defense of ERISA preemption. "[A]n

-14- 14

inquiring court must examine the totality of the

circumstances and make a practical, commonsense assessment

about whether Rule 8(c)'s core purpose -- to act as a

safeguard against surprise and unfair prejudice -- has been

vindicated." Id. In Williams, the defendant raised ERISA 

preemption well before the close of discovery, and six months

prior to the filing of cross-motions for summary judgment.

Id. The issue was briefed by both sides on summary judgment 

and thus we found that no "ambush" had occurred. Id. In the 

instant case, however, Reliance did not raise ERISA

preemption in its answer, at the pretrial hearings, in the

pretrial memoranda, or at any point during discovery, but

rather raised it only five days before trial.10 As this

Circuit recently said in another case of waiver, "[t]he

chronology of the case speaks volumes about the lack of

timeliness." Correa v. Hospital San Francisco, No. 95-1167, 

1995 WL 627505, at *8 (1st Cir. Oct. 31, 1995).

The trial court denied leave to amend because of

the undue delay by Reliance in raising the issue11 and the

 

10. Reliance argues that the previously referenced exchange
of letters was sufficient to put Wolf on notice that Reliance
intended to pursue an ERISA preemption defense. See supra 
note 2. We cannot agree that the passing references in those
letters are the legal equivalent of pursuing a defense in
court.

11. When the trial judge asked Reliance at oral argument why
ERISA preemption was not raised earlier, counsel explained:
"I sat down a couple weeks ago to start doing jury
instructions and things in the case and realized that this

-15- 15

substantial prejudice to Wolf if amendment were allowed. It

is well within a court's discretion to find prejudice where

the amendment "substantially changes the theory on which the

case has been proceeding and is proposed late enough so that

the opponent would be required to engage in significant new

preparation." See 6 Wright & Miller, supra, 1487, at 623. 

This is precisely such a case: Reliance sought to change the

theory of the case five days before trial, which would have

forced Wolf to conduct additional discovery, research, and

preparation on the ERISA-related issues.12 We hold that,

based on these considerations, there was no abuse of

discretion in denying leave to amend.

C. Reliance's Other Arguments 

We have considered appellant's other assertions of

error and find them to be without merit.

III. III. 

CONCLUSION CONCLUSION 

For the foregoing reasons, the judgment of the

trial court is Affirmed. Costs to appellees. Affirmed Costs to appellees 

 

was a case that should be done by ERISA . . . . I had made
myself . . . knowledgeable about ERISA in the last couple of
weeks. It's not an area of my normal practice."

12. Despite the briefing by both parties on the merits of
ERISA preemption, we have no occasion to reach the issue,
because we find that the argument was waived.

-16- 16