**MILLER PRODUCTS CO., INC., Plaintiff,**

v.

**VELTEK ASSOCIATES, INC. and Arthur L. Vellutato, Defendants.**

No. CIV.A.01–35–KAJ.

United States District Court, D. Delaware.

Nov. 5, 2003.

Richard D. Kirk, Morris, James, Hitchens & Williams, Wilmington, DE, for Plaintiff.

Neal C. Belgam, Steven L. Caponi, Blank Rome LLP, Wilmington, DE, for Defendant.

### *MEMORANDUM ORDER*

JORDAN, District Judge.

I. INTRODUCTION

This is a patent infringement case involving United States Patent No. 6,123,900 ("the '900 patent"), owned by defendant Arthur L. Vellutato, Sr. and licensed to defendant Veltek Associates, Inc. (collectively "Veltek"). Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338. Presently before

me are Veltek's Motion for Leave to File Answer with First Amended Counterclaim (the "First Motion") (Docket Item ["D.I."] 98) and Veltek's Motion for Leave to File Answer with Second Amended Counterclaim (the "Second Motion") (D.I. 124). For the reasons that follow, Veltek's First and Second Motions will be denied.

## II. BACKGROUND

This action for patent infringement was instituted on January 17, 2001, when Miller filed a complaint for declaratory judgment of noninfringement and invalidity of the '900 patent. (D.I. 1.) Miller amended its complaint on March 5, 2001. (D.I. 4.) On April 10, 2001, Veltek filed an answer to Miller's first amended complaint with a counterclaim that Miller was infringing the '900 patent. (D.I. 10.)

A scheduling order was entered on May 24, 2001, setting the deadline for filing all motions to amend on or before June 27, 2001. (D.I. 19.) On August 24, 2001, the parties stipulated to stay the scheduling order pending settlement negotiations. (D.I. 22, 23.) However, the parties were unable to reach a settlement and Miller filed motions for summary judgment on October 1, 2001 (D.I. 29) and November 27, 2001 (D.I. 45). On December 25, 2001, U.S. Patent No. 6,333,006 ("the '006 patent") issued to Veltek. (D.I. 99 at 3.)

The parties filed a joint status report on February 13, 2002, wherein they represented to the court that they were not engaged in active discovery. (D.I. 51.) On February 21, 2002, the schedule in this action was suspended pending the summary judgment motions filed by Miller.[1] (D.I. 56.) An amended scheduling order was entered on March 27, 2003, which did not set a deadline for filing amended pleadings, and set a discovery deadline for October 15, 2003. (D.I. 92.) Miller filed another motion for summary judgment on May 21, 2003.[2] (D.I. 96.)

On June 10, 2003, Veltek filed its First Motion for leave to file an answer with a first amended counterclaim for infringement of the '006 patent. (D.I. 98.) On August 19, 2003, U.S. Patent No. 6,607,695 ("the '695 patent") issued to Veltek. (D.I. 124 at 2.) In a letter dated September 23, 2003, Veltek's counsel asked Miller's counsel to consent to Veltek amending its answer to include a counterclaim for infringement of the newly issued '695 patent. (D.I. 124, Exh. B.) Miller's counsel refused. (D.I. 124, Exh. C.) Veltek then filed its Second Motion on October 1, 2003 for leave to file an answer with a second amended counterclaim for infringement of the '695 patent, or, in the alternative, an order declaring that the '695 patent is not a compulsory counterclaim in this case. (D.I. 124.) Miller opposes both motions. (D.I. 101, 146.) On October 22, 2003, Veltek requested oral argument (D.I. 150) and the parties appeared before me on November 5, 2003.

## III. STANDARD OF REVIEW

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleadings by "leave of court" and that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (citation omitted). While a trial court has the discretion to grant or deny leave to amend, leave to amend should be freely granted unless there is sufficient reason to deny it. *Foman*, 371 U.S. at 182, 83 S.Ct. 227; *Burlington Coat Factory*, 114 F.3d at 1434. Sufficient reasons include undue delay, bad faith, or dilatory motive on the part of the movant, undue prejudice to the opposing party, failure to cure deficiencies in former amendments, and futility of amendment. *Id.*

"[T]he passage of time, without more, does not require that a motion to amend...be denied; however, at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudi-

---

1. Miller withdrew its November 27, 2001 motion for summary judgment on March 14, 2002. (D.I. 57.)

2. Miller's motions for summary judgment were denied on October 9, 2003 (D.I. 135) and October 17, 2003 (D.I. 147).

cial,' placing an unfair burden on the opposing party." *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir.1984); *see also Procter & Gamble Co. v. Nabisco Brands, Inc.*, 125 F.R.D. 405, 409 (D.Del.1987) ("a showing of undue prejudice or unfair disadvantage to the nonmovant is required before delay provides an adequate basis for denial") (citations omitted). Therefore, prejudice to the nonmoving party is a touchstone for the denial of an amendment. *See Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir.1993) (citation omitted). For the purpose of Federal Rule of Civil Procedure 15(a), prejudice "concerns only the prejudice resulting from the fact of adding new claims at a late date." *Barkauskie v. Indian River School Dist.*, 951 F.Supp. 519, 527 (D.Del.1996).

## IV. DISCUSSION

Veltek's First Motion seeks to amend its answer to add a counterclaim for infringement of the '006 patent, which issued on December 25, 2001. Veltek argues that its filing is timely, in good faith, and that Miller will not be prejudiced by the amendment. (D.I. 99 at 4,7.) In support of its argument, Veltek asserts that the facts to be presented are nearly identical because the claims of the '006 patent and the claims of the '900 patent are directed toward the same subject matter. (D.I. 99 at 7.) In opposition to Veltek's First Motion, Miller argues that Veltek's proposed amendment would prejudice Miller because it would unduly delay a final resolution of the case and require Miller to expend additional time and money to challenge the validity of the '006 patent.[3] (D.I. 101 at 4–6.)

Veltek's Second Motion seeks to add a counterclaim for infringement of the '695 patent, which issued on August 19, 2003. Veltek states that the '695 patent also relates to the same subject matter as the '900 patent and the '006 patent. (D.I. 124 at 2.) Veltek argues that Miller will not be prejudiced by this amendment because the claims of the '695 patent are directed toward the same

subject matter as the claims of the '900 patent and the '006 patent and that "Miller would have conducted the exact same discovery whether or not the '695 patent was a part of this case...." (D.I. 124 at 5.) In response, Miller argues that Veltek's proposed amendment would prejudice Miller as it would require re-opening discovery and unduly delay these proceedings. (D.I. 146 at 6.)

■ At oral argument, counsel for both parties apparently agreed that if either motion were denied, both motions should be denied. Therefore, I will deny Veltek's First and Second Motions. It is too late in the day for Veltek to add the '695 patent to this case. Discovery is now closed and the case is currently set for trial on March 10, 2004. (D.I. 92.) The deadline for filing case dispositive motions is November 15, 2003. (*Id.*) The pretrial conference is set for March 3, 2004, with proposed pretrial orders due on or before February 25, 2004. (*Id.*) Veltek has offered no justification for attempting to add a counterclaim directed to the '695 patent at this late date, especially given the fact that its notice of allowance issued on April 7, 2003. (D.I. 146 at 2); *see DRR L.L.C. v. Sears, Roebuck & Co.*, 171 F.R.D. 162, 167 (D.Del.1997) ("[A] movant who offers no adequate explanation for its delay will ordinarily be denied leave to amend."). Allowing Veltek to amend its answer would require reopening discovery, which not only prejudices Miller, but also unduly delays this case proceeding to trial. *See, e.g., Johnston v. City of Phila.*, 158 F.R.D. 352 (E.D.Pa.1994) (citing *Borough of Ellwood City v. PPC*, 570 F.Supp. 553, 556 (W.D.Pa.1983)) (amendment "would cause [nonmovant] to suffer undue prejudice because it would cause discovery, now completed, to begin again"). Given the prejudice to Miller that would result were Veltek permitted to assert the '695 patent, and in light of counsel's representations that the motions should rise or fall together, Veltek's First and Second Motions will be denied.[4]

---

**3.** I have also considered Miller's arguments that Veltek's First and Second Motions are attempts to avoid summary judgment and that the proposed amendments would be futile. I find these

arguments to be without merit. (D.I. 101 at 5; D.I. 146 at 6.)

**4.** For reasons that are unclear, Veltek has also asked for an order stating that infringement of

## V. CONCLUSION

For the reasons set forth herein, it is hereby ORDERED that Veltek's First Motion (D.I. 98) is DENIED and Veltek's Second Motion (D.I. 124) is DENIED.

the '695 patent is not a compulsory counterclaim in this case. (D.I. 124 at 6.) Veltek cites *Vivid Technologies, Inc. v. American Science & Eng'g, Inc.*, 200 F.3d 795 (Fed.Cir.1999) in support of its argument; however, Veltek's reliance on the *Vivid Technologies* case is misplaced. *Vivid Technologies* stands for the proposition that, in a declaratory action for non-infringement, a counterclaim for infringement of the *same patent* is clearly compulsory within the mandate of Federal Rule of Civil Procedure 13(a). 200 F.3d at 801 (emphasis added). However, Veltek asks for an order pertaining to a *different* patent than the one that is the subject of the declaratory judgment action, and cites no authority in support of its position. I decline to comment further, except to note that Veltek has failed to show how the question is properly at issue.