**Opinion issued May 10, 2012**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00117-CV

————————————

**ADRIENE L. SIBLEY, Appellant**

**V.**

**JULIA VICTORIA ECKHARDT & MARGARET ECKHARDT, Appellees**

---

**On Appeal from the 55th Judicial District**
**Harris County, Texas**
**Trial Court Case No. 2009-49295**

---

## MEMORANDUM OPINION

Adriene L. Sibley appeals the trial court's take-nothing summary judgment rendered in favor of appellees Julia Victoria Eckhardt and Margaret Eckhardt. In her first three issues, Sibley challenges the appellees' standing and the summary-

judgment evidence. In her remaining issues, Sibley contends that the trial court erred by granting summary judgment because the Eckhardts' motion did not specifically present a claim or argument as to any of her causes of action and did not state an affirmative defense. Because we conclude that the motion for summary judgment was not sufficient to support the order, we reverse the trial court's judgment and remand for further proceedings.

## Background

In 1991, Julia Eckhardt's parents bought a house in Harris County. Approximately ten years later, the parents divorced. In accordance with the divorce decree, all interest in the house was conveyed to Julia's father by her mother, Margaret Eckhardt. Three years later, the property was conveyed to Julia by her father. That same day, Julia sold the house to Adriene Sibley in an owner-financed transaction.

According to the terms of the deed of trust, Sibley was required to make monthly mortgage payments, pay all property taxes and provide proof of such payment annually, maintain an insurance policy on the property and provide proof of insurance, and obey all laws, ordinances, and restrictive covenants applicable to the property. In 2009, Julia's attorney informed Sibley that she was in default of the real estate lien note and deed of trust because she had failed to provide proof of insurance coverage, proof of payment of ad valorem taxes, and proof of payment

of the annual maintenance assessments. In addition, the demand letter informed Sibley that the prior month's mortgage payment was delinquent. Julia foreclosed on the lien and evicted Sibley.

Sibley filed suit, pro se, against Julia and Margaret, stating that she was bringing causes of action for wrongful foreclosure with damages, breach of contract, breach of covenant, trespass to try title, wrongful eviction, fraud, and civil conspiracy. Sibley's lawsuit was premised on an alleged forgery in the chain of title, which preceded Julia's and her parents' ownership of the house. Sibley contended that the earlier forgery in the chain of title rendered the lien and deed of trust void and that Julia, therefore, could not foreclose based on void documents. In her petition, Sibley made a series of factual allegations asserting forgery and other fraudulent actions in various links of the chain of title and irregularities in the foreclosure proceeding, including an allegation that the Eckhardts failed to provide her with notice in the manner required by law.

Julia and Margaret filed answers and counterclaims alleging that Sibley's lawsuit was frivolous. In each of their answers, the Eckhardts pleaded general and specific denials, but neither pleaded any affirmative defense. The Eckhardts filed a motion for summary judgment. The motion stated:

> Defendants' Motion embraces their affirmative defenses as to all claims and issues raised by Plaintiff. There is no genuine issue as to any material fact necessary to establish each and every element of Defendant's affirmative defenses, and Defendants are entitled to

3

judgment against Plaintiff, as a matter of law.  Defendants seek entry of a "Take Nothing" Judgment against Plaintiff.

The motion then described the history of the chain of title, beginning with Julia's parents' purchase of the house.  After reciting this history, the motion stated:

> Plaintiff's pleadings contain allegations of one or more defects in the chain of title concerning certain transactions which took place during the 1980s, well before any of the parties to this action acquired ownership of the property in question.  Plaintiff fails to present evidence of any actual error in the chain of title, and all of Plaintiff's claims are simply without merit.
>
> . . . .
>
> Plaintiff's claim that there is a defect in the chain of title is simply without merit, as can be seen by the attached Exhibits.  Defendants are guilty of no wrongdoing, and there is no merit to any of Plaintiff's claims and allegations.  Accordingly, Defendants hereby request this Court to enter a "Take Nothing" Judgment against Plaintiff.

The motion did not specifically mention or respond to the allegation of an earlier forgery in the chain of title.  Nowhere in the motion is any particular affirmative defense identified or argued.  The motion does not specifically identify any of Sibley's causes of actions or address any specific element thereof.  The motion does not refer to Rule of Civil Procedure 166a(c) (traditional motion for summary judgment) or 166a(i) (no-evidence motion for summary judgment).  It does not include any legal authority, except for general assertions that actions were taken in accordance with the Texas Property Code, and it does not explain how Sibley's

4

claim of a defect in the chain of title related to each—or any—of her causes of action.

Sibley did not respond to this motion, but approximately three months later, she filed a traditional motion for summary judgment. Both parties' summary judgment evidence consisted of documents showing the chain of title to the property. The Eckhardts' summary-judgment evidence also included affidavits from Julia and Margaret.

Sibley sought permission to file a late response to the Eckhardts' motion for summary judgment, which the trial court denied, stating, "The Motion for Summary Judgment will not be continued. The Court will, however, consider the Plaintiff's Motion for Summary Judgment filed on 1-10-11 as a Response to Defendants' Motion for Summary Judgment." The trial court granted the Eckhardts' motion, stating, "[T]he Court finds that there is no genuine issue as to any material fact regarding Defendants' affirmative defenses to the claims and allegations raised by Plaintiff and that Defendants are entitled to judgment in this cause, as a matter of law." After the trial court dismissed the counterclaims, Sibley filed a notice of appeal.

## Analysis

We review de novo the trial court's ruling on a motion for summary judgment. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d

5

844, 848 (Tex. 2009). When both sides move for summary judgment and the trial court grants one motion and denies the other, we review the summary-judgment evidence presented by both sides and determine all questions presented. *Id.* at 848; *Comm'rs Court of Titus Cnty. v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997). In such a situation, we render the judgment the trial court should have rendered. *Mann Frankfort Stein & Lipp Advisors*, 289 S.W.3d at 848; *Agan*, 940 S.W.2d at 81.

The party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see also Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). A plaintiff moving for summary judgment must conclusively prove all essential elements of its claim. *See Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). If the movant meets its burden, the burden then shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment

6

evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam).

A defendant moving for summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). When reviewing a summary judgment, a court of appeals should consider summary judgment grounds that the trial court rules on and the movant preserves for appellate review that are necessary to a final disposition of the appeal. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996). In addition, in the interest of judicial economy, the appellate court may consider other grounds that the movant preserved for review and the trial court did not rule on. *Id.*

A motion for summary judgment must "state the specific grounds therefor." TEX. R. CIV. P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341–42 (Tex. 1993) ("a motion for summary judgment must itself expressly present the grounds upon which it is made"); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671 (Tex. 1979). A motion for summary judgment must identify or address the cause of action or defense at issue and its elements. *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex. 1990). "[A] trial court cannot grant a summary judgment motion on grounds not presented in the motion."

*Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009); *see McConnell*, 858 S.W.2d at 341. "In determining whether grounds are expressly presented, we may not rely on briefs or summary judgment evidence." *Sci. Spectrum*, 941 S.W.2d at 912.

When a motion does not state any grounds for summary judgment, the non-movant should file exceptions in the trial court. *McConnell*, 858 S.W.2d at 342. Nevertheless, Rule of Civil Procedure 166a(c) requires the party moving for summary judgment to show that he is "entitled to judgment as a matter of law on the issues expressly set out in the motion." TEX. R. CIV. P. 166a(c). Therefore, even if the non-movant did not except to the motion in the trial court, he may argue on appeal that the motion did not set forth sufficient grounds for summary judgment. *McConnell*, 858 S.W.2d at 342; *Clear Creek Basin Authority*, 589 S.W.2d at 678 ("While it would be prudent and helpful to the trial court for the non-movant always to file an [exception,] answer or response, the non-movant needs no [exception,] answer or response to the motion to contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient as a matter of law to support the summary judgment."). When a motion states one or more grounds for summary judgment, summary judgment cannot be upheld based on a different ground. *Sci Spectrum*, 941 S.W.2d at 912.

In Sibley's fourth, fifth, and sixth issues, Sibley contends that the trial court erred by granting summary judgment because the motion for summary judgment did not raise an affirmative defense or present any claims or arguments to defeat Sibley's causes of action. The Eckhardts' motion states that it "embraces their affirmative defenses as to all claims and issues raised by [Sibley]." It further states that "[t]here is no genuine issue as to any material fact necessary to establish each and every element of Defendants' affirmative defenses and Defendants are entitled to judgment against [Sibley], as a matter of law." Likewise, the final summary judgment order recites that "the Court finds that there is no genuine issue as to any material fact regarding Defendants' affirmative defenses to the claims and allegations raised by [Sibley] and that Defendants are entitled to judgment in this cause, as a matter of law."

"An affirmative defense is a matter asserted in avoidance of a party's argument or position, rather than a matter asserted in denial of that party's position." *Compass Bank v. MFP Fin. Servs., Inc.*, 152 S.W.3d 844, 851 (Tex. App.—Dallas 2005, pet. denied); *see Gorman v. Life Ins. Co. of N. Am.*, 811 S.W.2d 542, 546 (Tex. 1991) ("Pleading an affirmative defense permits introduction of evidence which does not tend to rebut the factual propositions asserted in the plaintiff's case, but which seeks to establish an independent reason why the plaintiff should not recover. . . . In short, an affirmative defense is one of

9

avoidance, rather than a defense in denial."). The Eckhardts did not plead any affirmative defense in their answers. Although an unpleaded affirmative defense may support a summary judgment when raised in the motion, *see McConnell*, 858 S.W.2d at 339, the Eckhardts' motion for summary judgment did not identify any particular affirmative defense or any elements of an affirmative defense. *See Roberts*, 811 S.W.2d at 146 ("Grounds may be stated concisely . . . [b]ut they must at least be listed in the motion."). We hold that the motion for summary judgment did not specifically state grounds of an affirmative defense that could support the trial court's judgment. TEX. R. CIV. P. 166a(c); *McConnell*, 858 S.W.2d at 341–42. We sustain Sibley's sixth issue.

Although the trial court expressly based its ruling on affirmative defenses, in the interest of judicial economy, we will consider all grounds for summary judgment that the Eckhardts properly presented to the trial court. *See Cincinnati Life Ins.*, 927 S.W.2d at 625. Their motion for summary judgment stated that Sibley was suing to set aside a "(deed of trust) foreclosure sale," that the Eckhardts sought entry of a take-nothing judgment against Sibley, that Sibley's claims "are simply without merit," that Sibley's "claim that there is a defect in the chain of title is simply without merit, as can be seen by the attached Exhibits," that "Defendants are guilty of no wrongdoing," and that "there is no merit to any of Plaintiff's claims and allegations."

10

Aside from stating that Sibley was seeking to set aside a foreclosure sale, the motion does not identify any of Sibley's alleged causes of action. It does not refer to any of the elements of any cause of action. *See Black*, 797 S.W.2d at 27. It does not explain how the lack of merit in Sibley's contention of an earlier forgery in the chain of title relates to all of her alleged causes of action or why the court should render a take-nothing judgment if presented with conclusive proof that there is no defect in the chain of title. The recitation of facts and the history of the transaction begins with Julia's parents' purchase of the house in question and does not anywhere address the alleged earlier forgery. Although the Eckhardts' appellate brief fills many of the gaps apparent in the motion for summary judgment, "summary judgments must stand on their own merits," *Clear Creek Basin Authority*, 589 S.W.2d at 678, and we cannot uphold a summary judgment on the basis of "unstated" grounds. *See Roberts*, 811 S.W.2d at 144. Accordingly, we conclude that the Eckhardts' motion was insufficiently specific as to the grounds upon which they sought summary judgment, and we hold that the trial court erred by granting summary judgment. *See McConnell*, 858 S.W.2d at 342; *Siegert*, 961 S.W.2d 349–50. Because this holding requires that we reverse and remand for further proceedings in the trial court, we need not address Sibley's first three issues.

11

## Conclusion

We reverse the trial court's final summary judgment and remand for further proceedings.


Michael Massengale
Justice

Panel consists of  Chief Justice Radack and Justices Massengale and Huddle.

12